Cuna, per Savage, Oh. J.
The points ruled by the judge, must be taken in reference to the facts of the case. *200 Whether, *n general, the substitute is the agent of the attorney, and not the principal, we need not decide. The *substitute is certainly the attorney of the principal for some purposes. In this case, Van Zandt executed a release to the government, as the attorney of the plaintiff and his wife, which no doubt is valid and obligatory; and had he not forwarded the money to the defendant, he would be liable to pay it to the plaintiff. So far, therefore,. as the judge expressed an opinion on the abstract proposition, that Van Zandt and Bockwell were the agents of the defendant, I am inclined to think he erred. But it ' i seems to me to have no necessary connection with the case. The defendant was employed to procure certain moneys, to which the plaintiff was legally entitled. The proper documents were furnished for that purpose, and the mode in which the remittance should be made is pointed out. The defendant directed a different mode of remittance; and the money was lost. Upon this state of facts, nothing can be clearer than that the defendant is liable. He constituted Van Zandt and Bockwell his own agents for the purpose of remittance. Then the receipt of the money by them, was, in effect, a receipt by the defendant; and makes him liable in this action.
As to the last branch of the judge’s charge, there can be no question ; and had the verdict been founded entirely upon the fact of the defendant’s actual receipt of the money, I should not be willing to disturb it.
The judge is said to have erred, in permitting a recovery for the money due to the children of Jackson; but the objection is not well founded. The money was due to the plaintiff; and it could not be important what he was to do with it, or to whom it ultimately belonged. Suppose an administrator appoints an attorney to collect money due to the principal as administrator, and the money is collected, but not paid over upon demand; surely the action need not be in his character as administrator. The plaintiff must sue in his own right; and would, in such a case, be liable for costs on failure.
Upon a similar principle, the wife need not he joined; *200-1 and upon the whole, there is no good ground for a new trial. [1]
New trial denied.

 See New Tork Digest, tit. Principal and Agent.