## WARD *et al. vs.* COZZENS.

Imprisonment for debt, except in certain cases, having been abolished in this State, (*Laws* 1839, 96, 83; *R. S.* 1846, 433, 504,) the act of Congress (5 *U. S. Stat. at Large*, 321) operates to prohibit imprisonment for debt, except in the same cases on process from the U. S. Court.

Where parties act within the power and scope of an order of a Court of superior jurisdiction, or of an inferior Court in a case where such Court has jurisdiction, they are protected by the same immunities that are extended to the members

Ward *et al. vs.* Cozzens.

of the respective Courts. Accordingly, where an attorney procured an order for a capias from a Court having jurisdiction of the person of the defendant, and under which the defendant was arrested; in trespass by the defendant against the attorney therefor, it was *held*, that although the order directing the issue of the capias might be erroneous, it was not void, and the attorney was protected by it.

Error to Wayne Circuit.

The plaintiff below declared in trespass for false imprisonment. The defendants plead the general issue, and gave notice, that they would prove that they were attorneys of the U. S. Circuit Court, and as such were retained by Foster & Taylor, citizens of Massachusetts, to collect a claim of over five hundred dollars against the plaintiff, who was a citizen of the State of Michigan; that they applied to one of the Judges of said U. S. Circuit Court for an order directing a capias *ad respondendum* to issue against the said plaintiff at the suit of Foster & Taylor; that the application was based upon the affidavit of one of the defendants showing the residence and citizenship of the parties, and that said sum of over five hundred dollars was due; and thereupon said Judge granted the application and signed an order for said capias to issue; that on the filing and entry of said order the capias was issued, and in pursuance of its commands the Marshal arrested the plaintiff below, and detained him in his custody, and that said arrest and detention were the grievances complained of.

To this notice the plaintiff below demurred, assigning reasons in full. After argument the demurrer was sustained, and afterwards upon trial had upon the plea, judgment was rendered for plaintiff below, which is brought into this Court by writ of error.

*Larned, Ward & Clarke*, for plaintiffs in error.

1. The order directing the issue of the capias was granted

in pursuance of the laws of the United States and the rules of the United States Circuit Court. (5 *U. S. Stat.*, *p.* 499; 4 *Ib.* 278; *Rules U. S. Court*, 8, 9, 10, 11; *Wayman* vs. *Southard*, 10 *Wheat.* 1; *Binns* vs. *Williams*, 4 *McLean*, 580; *Fullerton* vs. *Bank of U. S.*, 1 *Pet.* 604; *Ross* vs. *Duval*, 13 *Ib.* 45; *United States* vs. *Knight*, 14 *Ib.* 301; *Amis* vs. *Smith*, 16 *Ib.* 303; *Grayson* vs. *Virginia*, 3 *Dall.* 320; *Bank U. S.* vs. *Halsted*, 10 *Wheat.* 51; *Keary* vs. *F. M. Bank of Memphis*, 16 *Pet.* 89; *Binns* et al. vs. *Williams*, 4 *McLean*, 580; *Duncan* vs. *Darst*, 1 *How.* 301; *Palmer* vs. *Allen*, 7 *Cranch*, 550; *Hodge* vs. *Bemis*, 2 *Law Rep. N. S.* 470; *Marshall* vs. *Bazin*, 7 *N. Y. Leg. Obs.* 342; *Gaines* vs. *Travis*, 8 *Ib.* 45; *Dwar. on Stat.* 675.)

2. If the order directing the issue of the capias were erroneous, it was not void.

The Circuit Courts of the United States, though of *limited* jurisdiction, are not of *inferior* jurisdiction. (*M'Cormick* vs. *Sullivant*, 10 *Wheat.* 192; *Skillern* vs. *May*, 6 *Cranch*, 268; *Kemp* vs. *Kennedy*, 5 *Ib.* 173; *Kennedy* vs. *Georgia St. Bank*, 8 *How.* 586.)

The only limitations of the jurisdiction of the U. S. Court in this case apply to the persons of the parties, and the subject matter of the action: and both are shown by the notice to be within it. The order of the Judge, therefore, would protect him against any liabilities growing out of it, even conceding it to be erroneous. (*Clark* vs. *Holmes*, 1 *Doug. Mich.* 390; *Yates* vs. *Lansing*, 5 *J. R.* 282; *Cunningham* vs. *Bucklin*, 8 *Cow.* 178; *Miller* vs. *Searle*, 2 *W. Black.* 1145.)

The same rule that protects the Judge, protects the party. (*Griswold* vs. *Segdwick*, 6 *Cow.* 456; 1 *Wend.* 126.)

3. A capias is a writ common to the practice in this State, as such was adopted by the U. S. Process Act of 1842. By the rules of the U. S. Court, it issues upon the order of a Judge.

The terms of issuing it are committed by the act to the discretion of the judge; and the exercising of that discretion is a *judicial* act. If, in the exercise of this discretion, he violates the provisions of the non-imprisonment act, it is erroneous only, not void; and the order stands until vacated, and justifies all proceedings under it. (1 *Chitty's Pl. p.* 181; 5 *Bac. Ab. Trespass D.*, §§ 14, 15; *Phillips* vs. *Biron*, 1 *Strange*, 509; *Marshalsea Case*, 10 *Coke's Rep.* 76; *Prigg* vs. *Adams, Salk.* 674; *Hall* vs. *Biggs, Salk.* 674; *Reynolds* vs. *Corp*, 3 *Caines*, 267; *Belk* vs. *Broadbent*, 3 *D. and E.* 183 ; *Ackerly* vs. *Parkinson*, 3 *M. and S.* 411; *Stanton* vs. *Schell*, 3 *Sandf. S. C.* 323; *Doug.* 671.)

*Wilcox & Gray*, for defendant in error.

1. No person can be imprisoned by process from the U. S. Court, in States where imprisonment for debt has been abolished. And where it is allowed under conditions and restrictions, the same are applicable to the U. S. Courts, and the same proceedings are to be had therein, as are adopted in the State Court. (5 *U. S. Stat. at Large*, 321.)

This act abolishes imprisonment for debt, &c., &c., in all cases where the State law abolished or should thereafter abolish, &c. (5 *U. S. Stat. at Large*, 410.)

Rule 9 of the Circuit Court of the U. S. affords no justification. It was adopted before the passage of the above acts, when imprisonment for debt was allowed ; besides, rules of Court cannot annul the plain language of a statute..

By the laws of Michigan, imprisonment for debt is abolished save in certain cases, and where an affidavit is attached to the writ showing the debt within the exceptions. (*Laws* 1839, 96, 83; *R. S.* 1846, *p.* 433, 504.)

2. The affidavit upon which the writ issued being entirely insufficient, gave the Court no jurisdiction, and the attorneys who sued out the writ are liable in trespass.

Even where the Court has jurisdiction, but the proceeding

is irregular, trespass lies *vs.* the attorney, &c. See cases cited : 14 Pet. 600; Chit. Pl. 183–4; W. Black. 845 ; Wils. 341; 4 Blackf. 330 and 476; Caine's R. 273 and 369.

Under the law of Maine arrest was abolished for all debts under three dollars. Plaintiff, who sued out a capias for a debt of less amount, was held liable for false imprisonment. (*Green* vs. *Morse*, 5 *Greenl.* 291.)

The assignee of a judgment who causes a *ca. sa.* to issue before the return of a *fi. fa.*, is liable in trespass, &c. (*Chapman* vs. *Dyett*, 11 *Wend.* 32.)

Before issuing a warrant the Statute required an affidavit that defendant was about to leave the county. No such affidavit was filed—held, that the plaintiff *who directed the arrest* was liable in trespass, &c. (*Jackson* vs. *Woolsey*, 11 *J. R.* 444.)

The party who *sues* out process does it at his peril, and the party is a trespasser who illegally extends the power of the Court. (2 *J. C.* 50 *and* 51.)

Where summons is the regular process, a warrant without oath is void. The justice has no jurisdiction of the person, and all concerned in the arrest are trespassers. *Gold ads. Bissell*, 1 *Wend.* 213.)

By the Court, JOHNSON, J.

It was insisted by the plaintiffs on the argument of this cause, that the order made by the Circuit Judge directing the issue of the capias, was in pursuance of the laws and rules regulating the practice of the Circuit Court.

Upon the examination of the several acts of Congress referred to by counsel, and the rules of said Court, we are inclined to the opinion that they will not admit of such a construction.

The process act of 1842 adopts that of 1828, the first of which enacts: "That the form of mesne process, except the style and the forms, and modes of proceedings in the suits of

the Courts of the United States, held in those States admit-. ted into the Union since Sept. 29, 1789, in those of common law shall be the same in each of the said States respectively, as are now used in the highest Courts of original and general jurisdiction of the same, ᛁ * * * except so far as may have been otherwise provided by act of Congress, subject, however, to such alterations and additions as the said Courts of the United States respectively, shall, in their discretion, deem expedient, or to such regulations as the Supreme Court of the United States shall think proper from time to time, by rules, to prescribe."

In 1839, our Legislature abolished imprisonment for debt. In the same year, a similar law was adopted by Congress, that is, to take effect in those States which had, and such as. should thereafter, by legislative enactments, abolish imprisonment for debt. Rules 8, 9, 10 and 11, of the Circuit Court, of the United States for the District of Michigan, were adopted in 1838, and it cannot be successfully urged that: they could have the effect to suspend the operation of the foregoing acts until they should be abrogated or modified by the Court; nor can the act above recited admit of any construction allowing the Courts respectively to adopt any rule or rules conflicting with the rights of litigants thus secured.

The act of 1842 simply enabled the Courts to make such rules, from time to time, as should be necessary to conform their process and modes of proceedings to such laws as might subsequently be adopted by the respective States.

We feel confident, therefore, that the position taken by the plaintiffs' counsel is not maintainable, and we shall dismiss it without further consideration, and especially as the view we have taken of the other points in the case renders it of no great importance, so far as the decision of this case is concerned, whether we be right or wrong.

It is further insisted by plaintiffs' counsel, that if the order directing the issue of the *capias* were erroneous, yet it was

33

not void; and upon this question we think the case must turn.

The Circuit Courts of the United States are courts of limited but not inferior jurisdiction. Their limitation applies to the persons of the parties and the subject matter of the action. When, therefore, these come within their jurisdiction, they stand upon the same footing of all other Superior Courts of general common law jurisdiction. Their orders, judgments and decrees, cannot be collaterally impeached. Nor is it necessary that their records and proceedings show jurisdiction; and indeed, it has been frequently held by the Supreme Court of the United States, that the judgments and decrees of the Federal Courts were not to be treated as absolute nullities, though the want of jurisdiction should affirmatively appear upon their records. (*McCormick* vs. *Sullivan*, 10 *Wheat.* 192; *Skillern* vs. *May*, 6 *Cranch*, 268; *Kempe* vs. *Kennedy*, 5 *Cranch*, 173; *Kennedy* vs. *Georgia State Bank*, 8 *How.* 586.)

But we think it is not necessary to sanction that doctrine in disposing of this case. The affidavit upon which the order was based, showed that the plaintiffs, Foster & Taylor, were residents of Massachusetts, and that the defendant was a resident of Michigan. That there was due from the latter to the former an amount exceeding the sum of five hundred dollars, thus showing a clear case of jurisdiction.

A *capias ad respondendum* is a process of that Court. But it is insisted that the affidavit did not disclose such a state of facts as authorized the making of the order. If that be so, the Judge erred. It was a matter submitted to his judgment, he acted upon it, and made the order; having the power, and having thus exercised it, the order cannot be treated as a nullity; it is binding upon all the parties, and equally affords a protection to all the parties.

It is said that a party may make himself liable by attempting to extend the jurisdiction of a Court beyond its authorized

limits, but those cases are only applicable to inferior Courts of special and limited jurisdiction, or where a party of his own motion and without the intervention of the Court, unwarrantably and without the authority of law, attempts to extend the jurisdiction of a superior Court. Thus where a party sued out a *ca. sa.* before a *fi. fa.* upon a judgment, against an express provision of the statute, and caused the defendant to be arrested, he was, after an order setting aside the writ, upon the doctrine of *trespass by relation*, held to be liable in an action of trespass for false imprisonment. *(Chapman vs. Dyett,* 11 *Wend.* 32.) But the process in such case would be a protection until set aside. (5 *Bac. Ab. Trespass, D.* § 14, 15).

So in the case of Parson *vs.* Loyd, 3 Wils. 341. The defendant was held liable for false imprisonment in causing the plaintiff to be arrested upon a *capias ad respondendum* where a term of Court intervened between the test and return day. The Court holding that such writ was absolutely void.

So in case of Green *vs.* Morse, 5 Greenl. 250, 291. The defendant was held to be a trespasser for causing the defendant to be arrested upon a capias issuing for a sum less than five dollars, against the express provisions of the statute.

So in the case of Curry *vs.* Pringle, 11 J. R. 444. The plaintiff caused the defendant to be arrested upon a warrant issued by a Justice of the Peace without an affidavit, upon the supposition that he had no family. Yates, J., said, " the rule is strict, that in a Court of special and limited jurisdiction the party becomes a trespasser who extends the power of the Court to a case to which it cannot be lawfully extended."

These authorities are cited by the defendant, but are all distinguishable from the case at bar. In the last case, the process was from an inferior Court of special and limited jurisdiction, and a pre-requisite which was essential to its jurisdiction was not complied with, and consequently both the Justice and plaintiff were trespassers.

In the case of Curry *vs.* Pringle, the defendant caused the

writ to be issued against an express provision of law, and not in pursuance of any special order of the Court or a Judge thereof. It was the bare exercise of an unwarrantable power, to another's injury, without the protection of a law, or an order, or a judgment, or a decree of any Court.

It would not be contended for a moment, in the case at bar, assuming the view we have taken of the several acts of Congress and the rules of the Circuit Court to be correct, that the plaintiffs could be protected from liability in the absence of the order upon which the writ was based, yet such would be necessary to bring it within the rule established by the case above cited.

All the authorities are very clear, that a Judge of a Court of Record cannot be held responsible for any acts done by him in his official capacity, and they are equally clear, that in no instance can his orders, judgments, or decrees, be treated as *nullities.* (*Clark* vs. *Holmes,* 1 *Doug.* 390; *Yates* vs. *Lansing,* 5 *J. R.* 282; *Cunningham* vs. *Bucklin,* 8 *Cow.* 198; *Miller* vs. *Searle,* 2 *W. Black.* 1145; *Griswold* vs. *Sedgwick,* 6 *Cow.* 456; *Chitty's Pl.* 181; *Phillips* vs. *Biron,* 1 *Strange,* 509; *Marshalsea Case,* 10 *Coke's R.* 96; *Reynolds* vs. *Corp,* 3 *Caines,* 267; *Ackerly* vs. *Parkinson,* 3 *M. and S.* 411.)

The foregoing authorities establish this proposition, that in all cases where the parties act within the power and scope of an order of the superior Court, without reference to their jurisdiction, and of an inferior Court, when having jurisdiction, they are protected. The same immunities that are extended to the members of the respective Courts, are extended to the parties.

And it was said by DeGray, C. J., in the case of Miller *vs.* Searle, above cited, that the reason of the rule was not so much for the sake of the Judges, as for the *suitors themselves.*

This order, then, made by the Circuit Judge, was not a nul-

lity.   It authorized the issuing of the capias, and that protects the parties.

The judgment, therefore, of the Circuit Court, must be reversed, and a new trial awarded.