## William H. Tefft et al v. William Windsor.

*Evidence:* *Grounds on which a verdict was rendered.* In an action for malicious prosecution of the plaintiff on a criminal charge, it appearing that the plaintiff had been acquitted by jury, the prosecuting attorney was called to the stand by defendants, and asked "On what grounds was the plaintiff acquitted?" *Held,* that the question was improper.

The prosecuting attorney is not to be presumed to know the grounds on which the jury proceeded in rendering their verdict; and if any thing occurred publicly in their presence which should control their verdict, this question was not properly framed to elicit it.

*Malicious prosecution:* *Damages where plaintiff was dishonest.* The fact that a party is dishonest, and purchases goods without intending to pay for them, does not justify his arrest on an unfounded charge of obtaining the goods by false pretences. And in an action for such an arrest he is entitled to recover, not merely nominal damages, but such damages as he has actually suffered from the unwarranted arrest and imprisonment.

*Heard January 7th. Decided January 11th.*

Error to Wayne Circuit.

This was an action of trespass on the case to recover damages for an alleged malicious prosecution.

Judgment was rendered for plaintiff.

The facts are stated in the opinion.

*D. C. Holbrook,* and *G. V. N. Lothrop,* for plaintiff in error.

A discharge or acquittal of a defendant is sufficient to throw upon the prosecutor the burden of proof of probable cause; but if it appear that his discharge or acquittal arose

from otherwise than on the merits, it is insufficient to shift this burden of proof. The case does not disclose what evidence was introduced showing want of probable cause: it might have been the mere introduction of the record of acquittal. This record was *some* evidence, therefore the defendants below were entitled to show the facts which would get rid of the effect of this, however slight, and to do this the question was asked; and had it appeared that it was not on the merits, but by defect in the information, failure to prosecute, the effect of the record as evidence of probable cause is done away with. — *2 Greenl. Ev. 4 Ed. 455.*

2. It matters not that the prosecution was instituted to collect a debt, as the plaintiffs in error claim that this had nothing to do with the question of *probable cause*, but might be evidence only of *malice.* There may be malice, but if there was probable cause the action cannot be sustained.

The plaintiffs in error first seek to avoid the effect of this record as evidence of want of probable cause; the court refuses to permit this; it is then useless for the plaintiffs in error to introduce any evidence contradicting *other* facts tending to show there was not probable cause, because this *record,* without explanation, is conclusive.

If the plaintiff below had shown this record of acquittal, that would be evidence of want of probable cause; but if he had shown that the prosecution failed to introduce any evidence, or consented to an acquittal on the trial, the acquittal would not have that effect. — *1 Am. Lead. Cas 223; 9 East, 361; 4 Barn. & Cress. 21; 10 Cush. 279.*

3. The court erred in charging the jury that if the defendant was insolvent and unable to carry on business, yet that this ruinous traffic might be injured; in other words, that a business fraudulently conducted might be injured; and that a swindling business, if profitable to the defendant in error, might be injured, and the plaintiffs in error liable to damages if they did any act to break it up.

4. The plaintiffs in error contend that as there was evidence introduced by the plaintiffs in error, from which the jury could and might well have found that the defendant in error obtained the goods fraudulently and *could not* pay for them, and did not intend to pay for them; then as a *matter of law* there was probable cause for the prosecution, and the court should have charged that if the defendant in error was insolvent and purchased the goods with the expectation of not paying for them, then no damages should be given.

The acquittal of the defendant on the criminal prosecution was material only to show that such prosecution was *ended*, and want of probable cause. Whether there was probable cause was an open question for the jury in this case to consider, and if the goods were obtained by false pretences, or in any way fraudulently, the court should have charged the jury that if the defendant obtained the goods without the intention of paying for them, he was not entitled to damages.

The obtaining of the goods fraudulently was probable cause of itself, otherwise there could be no answer to any prosecution of this kind.

Although the prosecution *was malicious and unfounded*, yet if there *was probable* cause, the action could not be maintained.—*2 Greenlf. Ev.* § *452; 3 Dowl, 160; Gow. 20.*

*D. B. & H. M. Duffield,* for defendant in error.

The statement of facts, upon which the advice of Mr. Hebden was given, was not given or offered to be given in evidence. All that appeared in evidence was that Patchin and Brown, defendants Attorneys' in the Police Court, had advised with Mr. Hebden, the Prosecuting Attorney, about the case.

Unless the defense first show what the statements of facts was, upon which Hebden's advice was given, evidence

of what advice he gave is clearly inadmissible. — *3 Mason*, *102*.

Because in order to be a protection, the advice of counsel must be given upon a *full* and *true* representation of *all* the facts in the case. The defendants must show specifically what facts were stated to counsel, in order that the jury may judge whether such statement was true, and whether all the material facts in the case were stated. The omission of any material fact in such statement, will prevent such advice being a defense. — *1 Hill. on Torts, p. 503; 2 Greenl. on Ev.* § *459; ·20 O. 119.*

The advice of counsel is hearsay evidence, which as a general rule, is not admissible, and the exception to that rule which allows it to be given in this class of cases, should be strictly confined to a personal conference between client and counsel.

If the plaintiffs in error had fully and fairly stated the facts of the case to Patchin and Brown, and were by them advised that they had a ground of criminal prosecution against defendant in error, this was a complete defense. With whom Patchin and Brown might have consulted would not be relevant.

Certainly it would not be relevant in this case, because the defendants below did not prove, or offer to prove, or state to the court that they would prove, either that defendants below had requested Patchin and Brown to advise with Hebden, or even that they reported to the defendants below the advice that Hebden did give. In order to make the advice of counsel a protection, it must be shown that the defendants acted upon such advice. This was not offered to be shown. All that appears in this case is, that Patchin and Brown advised with Hebden. It was not offered to connect that advice with the defendants in any way.

It was not material to this case on what ground defendant in error was acquitted.

The acquittal was only given in evidence by plaintiff below to prove *rem ipsam*, it being an essential part of the plaintiff's case, to show that the prosecution was ended. This was the only purpose or effect of this proof.

Whether the verdict of acquittal was rightfully or wrongfully given, was not before the jury in this case. They were not to determine whether the plaintiff below was guilty or not guilty. The only question before them was whether the defendants below had probable cause to believe him guilty, and to commence a criminal prosecution. If they had, no matter how innocent he may have been, plaintiff's action could not have been sustained.

Even if there had been evidence in the Recorder's Court, tending to prove that the plaintiff below was guilty of false pretences, not charged in the indictment,. this fact could not be shown on the trial.—*4 Phill. on Ev. 257; 2 Starkie on Ev. 912; 4 Taunt. 616.*

The record of acquittal is no evidence of any want of probable cause. In the case of a criminal prosecution, a discharge by a magistrate or the rejection of a bill by the Grand Jury is *prima facie* evidence of probable cause, and it is for the defendant to rebut this inference by contrary proof; but a mere acquittal or trial would not be.— *1 Am. Lead. Cas. p. 223, and cases. cited.*

And even if the plaintiff below had been acquitted in the Recorders's Court on account of a defect in the indictment, it would be no defense to his action for damages.— *1 Hill. on Torts, 493; 4 Phill. on Ev. 254, 258; 2 Starkie on Ev. 907; 5 Barn. and Ald. 634; 4 Term R. 247; 10 Mod. R. 149, 214.*

There was no evidence in the case, nor does it appear from the record, that the plaintiff below was carrying on business "without the expectation of paying his debts," and the Circuit Judge would not have been justified in submitting to the jury an hypothesis which there was no evidence

to sustain, and which, as a matter of fact, could not be proven by evidence.

The mere fact that the plaintiff below was insolvent would not justify a charge to the jury that he could not suffer, and was not entitled to any damages, by reason of a prosecution upon a charge of felony.

The court instructed the jury "that if plaintiff was insolvent, and unable to carry on his business, and if he had no business to injure, that the jury could not give damages for that he had not suffered; and the jury were to give just such damages as he really suffered, and only such.

There was no evidence in the case, or shown by the record, tending to show that the plaintiff had purchased the goods with the expectation of not paying for them, and this request was properly refused.

Even if the goods were bought by the plaintiff when he was insolvent, and had not been paid for at the time of his arrest, it would not destroy the plaintiff's right to recover the damages actually suffered.

COOLEY CH. J.

Windsor sued the plaintiffs in error in the court below for malicious prosecution, in causing him to be arrested on a criminal charge of obtaining goods from them by purchase through false pretences. On the trial, it was shown that Windsor was arrested on the charge, and confined in the county jail for twenty-four hours; that he was afterwards examined before a magistrate, and held for trial; that he was put on trial before the Recorder's Court of Detroit, and acquitted by the jury without leaving their seats. Evidence was also given, tending to show that the prosecution was malicious, and without probable cause, and was commenced for the purpose of collecting a debt which Windsor owed the prosecutors.

The defendants then put the prosecuting attorney upon the stand, and asked him this question: "On what ground

was the plaintiff acquitted?"    The question was objected to, and overruled as incompetent.

This question seeks to obtain from the witness the grounds upon which the jury proceeded in rendering their verdict; which, it is evident, could not be within his knowledge; and we are, therefore, of opinion that the ruling of the court was correct.    It is suggested that the acquittal might have been for defect in the information, or might have been submitted to by the prosecution by reason of variance between the proof and the charge; but the answer is, that the question put was not a proper one to call out such evidence, even if it was material.    What it sought was, for the grounds of the action of the jury; and of these no one but one of their own number can be presumed to have had knowledge.    If anything took place publicly in the presence of the jury which was to control their verdict, it was easy to shape a proper question to elicit information concerning it.

The defendants introduced evidence tending to show that when Windsor purchased the goods of them he was insolvent, and doing business wholly on credit; that he afterwards purchased goods in New York City on credit, and had not paid for them.    And they thereupon requested the court to charge the jury, that if they believed Windsor was insolvent, and was carrying on business on credit without the expectation of paying his debts, he was not entitled to damages by reason of said prosecution.    The court did charge that, if the plaintiff was insolvent, and unable to carry on his business, and if he had no business to injure, then, of course, the jury could not give damages for that which he had not suffered, and the jury were to give just such damages as he had really suffered, and only such damages as he had really suffered.    The court declined to charge that, if the plaintiff was insolvent, and purchased the goods with the expectation of not paying for them, then the jury were not to give any real damages; but did

charge that, if the parties were justified in the arrest, the jury would give no damages, and if they were not justified in the arrest, then Windsor was entitled to damages, as already stated.

We perceive nothing in this charge or refusal to charge of which the defendants below could justly complain. Besides any damage to business, Windsor had suffered actual imprisonment, and if his arrest was without legal cause, he was entitled to recover for this, even though he might have been both insolvent and dishonest. The mere fact that a man buys goods without the expectation of paying for them, does not justify his arrest on a criminal charge for false pretences; for there may not have been any false statements at all by the purchaser, but only a want of due caution on the part of the seller. The question in a case like this is whether the prosecutors had probable cause for proceeding against the purchaser for the particular criminal dishonesty they charge against him; and if not, they are liable for such damages as he has suffered. We think the case was left to the jury fairly, and that the judgment must be affirmed.

The other Justices concurred.