JOHN JOHNSON v. THE STATE.

SWINDLING.—To constitute swindling it seems that some false representations as to existing facts or past events should be made, and that mere false promises or false professions of intention, although acted upon, are insufficient.

APPEAL from Collin. Tried below before the Hon. Silas Hare.

*Craig & Garnett*, for appellant, cited 2 Arch. Cr. Plead., 372; 3 Ib., 467; State *v.* Vickery, 19 Tex., 330; Mathews *v.* State, 33 Tex., 108; Whart. Prac., 4th Am. ed., 239, 241; Rosc. Cr. Ev., 460.

*Geo. Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—The indictment in this case charges that appellant and D. W. Cline " did obtain from G. W. Flannigan thirty dollars in money, by fraudulently representing that he, the said D. W. Cline, wanted the money to bet on a box trick then and there exhibited by

the said D. W. Cline and John Johnson.   Now, the grand
jury say this said thirty dollars, at the time aforesaid, was
the corporeal personal property of the said G. W. Flanni-
gan, and that the said representations made as aforesaid
by the said D. W. Cline and the said John Johnson were
false and fraudulent, and the said box trick was a deceitful
device employed as aforesaid by the said D. W. Cline and
the said John Johnson to procure said money from the
said G. W. Flannigan, with the felonious intent to appro-
priate the same to the use and benefit of them, the said D.
W. Cline and John Johnson, against the peace and dignity
of the State."    The defendants were jointly tried and con-
victed, their punishment being assessed at two years in the
penitentiary.    There was a motion in arrest of judgment
and a motion for new trial, both of which were overruled.
The defendant, Johnson, alone has appealed.

The indictment was framed under article 2426, Pas.
Dig., which is as follows:  "Swindling is the acquisition
of any personal or movable property, money, or instru-
ment of writing, conveying or securing a valuable right,
by means of some false or deceitful pretence or device, or
fraudulent misrepresentation with intent to appropriate
the same to the use of the party so acquiring, or of destroy-
ing or impairing the rights of the party justly entitled to
the same."    The next article gives two examples of false
pretences, viz: that the party is the owner of property
given in exchange, and the purchase of property on the
faith and credit of some other person, upon the pretence
that such other person has given the accused the right to
use his name or credit in making the acquisition.    This
article also provides that the special enumeration of cases
of swindling there set forth shall not be understood to ex-
clude any case which, by fine construction of the language,
comes within the meaning of the preceding article.    By
article 2432 the punishment of swindling is fixed at not
less than two nor more than five years in the penitentiary.

We do not think the false and fraudulent representations set forth in the indictment such as come within the meaning of the statute. They do not relate to existing facts or past events, and in this respect differ from the instances specified in article 2427. That Cline wanted the money to bet on a box trick amounted only to a representation that such was his intent. False promises, or false professions of intention, have not been held within the meaning of statutes somewhat similar to our own. (See Rex *v.* Goodall, Russ. & Ryan, p. 461; Commonwealth *v.* Drew, 19 Pick., 185; 2 Whart. Am. Cr. Law, secs. 2086, 2118.)

If the indictment was intended to charge the box trick as a deceitful device by means of which the money was obtained, it was not defective in not obliging this device to have been the operative cause of the transfer or delivery, or at least one of the causes. (Commonwealth *v.* Drew, above, 2 Whart., sec. 2120.) Our statute differs from others with which we have compared it in containing the word " device," and it may have been intended to embrace cheats by such contrivances as this box trick; but if this be so, the indictment is not sufficient to support such a charge.

These objections to the indictment were presented by the motion in arrest of judgment. For the error in overruling this motion the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.