## MERRITT A. THOMPSON v. CHARLES J. ELLSWORTH.

*False imprisonment—Attachment for contempt—Declaration in justice's court—Damages for detention from business—Order of testimony.*

An attachment against the person for contempt, issued by the register of the court on affidavit, but without any order from the court, is invalid and is no justification in an action for false imprisonment.

A declaration in justice's court for false imprisonment averred that plaintiff was "thereby delayed and injured in his business," to wit: at the venue stated.   *Held* sufficient to warrant evidence of damage.

Damages for tort may cover all losses to the commencement of suit; and where they are certain to follow and can be fairly estimated, injuries that have not yet accrued may be properly included.

All damages arising from one cause of action must be assessed and recovered once for all, and do not renew the cause of action as they mature.

It is within the judge's discretion to allow a witness to be called after he has begun to sum up.

Error to Eaton. Submitted Oct. 31. Decided Nov. 21.

FALSE IMPRISONMENT. Defendant brings error.

*Sagendorph & Fales* for plaintiff in error. Special damage must be pleaded specifically, circumstantially and with reasonable certainty, 1 Chitty Pl., 338, 396-9; *Fuller v. Bowker*, 11 Mich., 204; *Shaw v. Hoffman*, 21 Mich., 121; *Squier v. Gould*, 14 Wend., 159; *De Forest v. Leete*, 16 Johns., 122; damages are generally allowed only to the commencement of suit, Com. Dig., tit. Damages, (D); Sedgwick on Damages, 116; *Powers v. Ware*, •4 Pick., 106; *Pierce v. Woodward*, 6 Pick., 206; *Shaw v. Etheridge*, 3 Jones, 300; and damages accruing later can be shown only where the injury is continuous, Sedgwick Damages, 700; *Curtiss v. Rochester & Syracuse R. R.*, 20 Barb., 282; Hilliard on Torts, 420-8; in England writs of attachment may issue for contempts without order of court, 2 Dan. Ch. Pr., 1060.

*Frank A. Hooker* for defendant in error. A writ that has been set aside for irregularity is no defense to an action for assault and battery or false imprisonment, Addison on Torts, §§ 831, 921; *Kerr v. Mount*, 28 N. Y., 659; *Smith v. Shaw*, 12 Johns., 257; *Merrit v. St. Paul*, 11 Minn., 223; *Stetson v. Goldsmith*, 30 Ala., 602; *Chapman v. Dyett*, 11 Wend., 31; *Hayden v. Shed*, 11 Mass., 500; *Emery v. Hapgood*, 7 Gray, 55; *Cogburn v. Spence*, 15 Ala., 549; in obtaining the issue of an attachment against the person for contempt, a showing should be made to the court having jurisdiction of the cause, 2 Barb. Ch. Pr., 275, 278; subsequent conviction does not legalize an unwarranted arrest or take away a right of damages for it, *Josselyn v. McAllister*, 22 Mich., 300; an attorney is liable for an illegal arrest made under his direction, *Sleight v. Leavenworth*, 5 Duer, 122; it is within the discretion of the court to permit proof to be made after the argument is begun, *Lee v. Hardgrave*, 3 Mich., 84; *White v. Bailey*, 10 Mich., 160.

GRAVES, J. This is an action for trespass to the person in causing an arrest and imprisonment under illegal process. It originated in justice's court and was taken by appeal to the circuit court, where defendant in error recovered $100. The case comes here at the instance of defendant below on writ of error and bill of exceptions.

Prior to June 18th, 1875, Ellsworth's wife prosecuted a bill against him for divorce in the circuit court for the county of Eaton in chancery, and on that day the court decreed a dissolution of the marriage, and further that the wife, then Olive C. Ellsworth, should have the care, custody and education of their minor child, George Ellsworth, who was ten and a half years old, and that the child should remain with her until he should be fourteen years old. The decree remained unappealed from and unchanged. Subsequently Mrs. Ellsworth intermarried with plaintiff in error, and Ellsworth at some time, but when is not specified in the record, and by some means not explained, obtained the child and detained him from her contrary to the decree and in contempt of the authority of the court in that behalf. July 5th, 1877, she made affidavit setting forth the facts, and plaintiff in error, as her counsel, obtained from the register of the court on this affidavit, and without any kind or form of preliminary order from any source, a writ of attachment under Comp. L., § 5693, for Ellsworth's arrest to answer for his alleged misconduct in disobeying the decree. The sheriff soon afterwards arrested him on this paper and confined him in jail under it for about four days. He was then produced in court and on motion by counsel in his behalf the paper was declared to be void and he was liberated.

Immediately, however, the court, on a new affidavit, entered an order for another attachment for the same cause and which was then issued and at once served. And thereupon Ellsworth purged his contempt to the satisfaction of the court by producing the child and delivering him to the mother.

Ellsworth then brought this action against Thompson for having caused the first arrest and imprisonment.

*First.* He made no submission to that arrest and did nothing to disable himself from complaining of it as illegal. The court was correct in deciding against its validity. The law does not allow an attachment against the person to issue in such a case as of course, or upon the judgment of the register that an affidavit made therefor is sufficient. Even an injunction,—a process which never imprisons, and which is prayed for upon a case solemnly made on oath,—is not permitted to issue in that way. An express order based on the showing and authorizing the register to send out the writ is an indispensable prerequisite. The law has not attempted to clothe the register with power to pass on the facts in such applications and allow or refuse the writ according to his judgment.

It is not needful to dwell on the distinction between what is void and what is only voidable.

The writ here was moved out under the court's seal without authority, and Thompson, who caused it to be so sent out, could not justify under it. The view of the court in *Ward v. Cozzens*, 3 Mich., 252, 260, covers the principle.

*Second.* Certain claims for damages are opposed, *first*, on the ground that the declaration is insufficient; and *second*, because as is urged they include a charge for time lost not only after the release from the arrest, but also subsequent to the commencement of the suit.

The objection drawn from the state of the declaration has no force. The declaration is much more precise than is customary in justice's courts, and withal is not open to the point that it is not specific enough to admit the evidence. *Hurtford v. Holmes*, 3 Mich., 460; *Comstock v. Howd*, 15 Mich., 237; *Page v. Mitchell*, 13 Mich., 63; *Josselyn v. McAllister*, 22 Mich., 300; *Parsons v. Harper*, 16 Gratt., 64; *Bonesteel v. Bonesteel*, 30 Wis., 511.

The second ground requires more notice.    The suit was commenced on the same day of the discharge, July 17th.    At the trial Ellsworth was allowed against objection to testify in substance that before his arrest he had agreed with two persons to work for them in harvest, and that if not interrupted the employment would have lasted twelve days, and that his arrest and confinement for which he had sued caused him to lose these jobs. The record is blind, but it seems to have been assumed by court and counsel that the period of twelve days so mentioned passed the time of commencement of the suit on the 17th of July and covered some space subsequent to that.

The record states that the bill of exceptions contains substantially all the testimony which was given at the trial, and it appears that no evidence was adduced touching the compensation Ellsworth was to receive or expected to receive for his work in harvest, nor any concerning the value of such work or in regard to farm wages of any kind.    The whole subject was allowed to drop as to matter of proof, with the testimony of Ellsworth himself that he had agreed to work and lost the chance in consequence of his arrest and confinement. Hence it is by no means certain that the jury enlarged their finding by including any specific allowance for the loss of the chance to work during the twelve days.    In view, however, of the proceedings before them in regard to the admission of testimony on the subject and in respect to the charge, it cannot be said they did not. Probably the point was practically not worth controversy.

The counsel for plaintiff in error took the ground that Ellsworth's being out of service after his discharge on the 17th of July, and much more after he commenced his suit, could not be taken into account to increase the damages.    On the other hand the counsel for defendant in error urged in effect that the question did not depend upon whether the time required for the employment

which was lost, either stopped with or extended farther than the discharge or even later than the commencement of suit, which was on the same day, but whether the loss of the entire employment was directly due to the arrest on the 13th of July and the succeeding imprisonment; and he further urged that the tendency of the showing was that the arrest and imprisonment directly and immediately caused the loss of the whole employment. It is not pretended that counsel respectively explained their positions in these terms. Nothing more is intended than to say that we here give the meaning we ascribe to their apparent positions in the record.

The judge inclined to the view of counsel for defendant in error, and we are disposed to think that in so doing he committed no error.

It is a principle of general application in actions against wrong-doers that the plaintiff may recover by way of damages, at least all that he has lost up to the commencement of the suit through the wrongful act for which the defendant is sued (*Rundle v. Little*, 6 Q. B., 178), and it is also a general rule of law that damages resulting from one and the same cause of action must be assessed and recovered once for all, and that actions cannot be repeated from day to day as the diurnal effects of the one original wrong happen to mature.

When the tortious cause of damage has been done and the effects have not fully occurred, but must occur, and are already reasonably and fairly capable of safe estimation, the injured party is entitled to have them considered by the jury. The doctrine is often applied against carriers of passengers, in slander cases and others of the like nature, and although far from universal, we think it reaches far enough to sustain the ruling below. *Nicklin v. Williams*, 10 Exch., 259; *Bonomi v. Backhouse*, E. B. & E., 646-658; *Backhouse v. Bonomi*, 9 H. L. Cas., 503; *Hamer v. Knowles*, 6 H. & N., 454; *Lamb v. Walker*, L. R. 3 Q. B. Div., 389. See also *Burrell v. N. Y. & Sag. Solar Salt Co.*, 14 Mich., 34; *Sheahan v. Barry*, 27 Mich.,

217; *Allison v. Chandler*, 11 Mich., 542; *Scripps v. Reilly*, 38 Mich., 10; *Derry v. Flitner*, 118 Mass., 131; *Tefft v. Windsor*, 17 Mich., 486.

If as matter of fact there was any ground for contending that the loss of the employment in question was attributable to the second and valid arrest which occurred on the same day the party was discharged from the first and invalid one, and from which too he was at once discharged because he purged his contempt, it was a subject to be discussed before the jury. As the second arrest and the discharge in both cases occurred on the same day, and his detention under the second arrest must have been very short, and probably not to exceed an hour, it is not easy to perceive how the second arrest could have had any part in causing the loss of the harvest work.

*Third.* The exception based on the permission to Ellsworth's counsel after his commencement of his summing-up, to call a witness to swear to the value of the counsel's service on the motion to discharge Ellsworth from his first arrest, raises no question for discussion here. It was a matter which pertained to the orderly control of the trial and was within the strictly discretionary jurisdiction of the judge. There is no ground whatever for imputing any abuse of power.

The preceding observations and authorities referred to dispose of all the questions which merit notice.

No error is shown of which the plaintiff in error can complain, and the judgment must be affirmed with costs.

The other Justices concurred.