[No. 2873.]

## GEORGE ALLEN *v.* THE STATE.

SWINDLING.—INFORMATION to charge the offense of swindling must allege that some false representation as to existing facts or past events was made by the accused. Mere false promises or false professions of intention, though acted upon, are not sufficient. The information in this case charged, substantially, that defendant promised to pay one B. fifty cents for four certain fish, if said B. would deliver the same at his, defendant's, house; that B. did so deliver the fish, and that the said representations of the defendant were then and there false, etc. *Held*, that the information was insufficient to charge swindling or any other offense.

APPEAL from the County Court of Palo Pinto. Tried below before the Hon. E. K. Taylor, County Judge.

The opinion states the case. A fine of fifty dollars and confinement in the county jail for a term of ten days constituted the punishment awarded by a verdict of guilty. The record brings up no statement of facts.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. The charging part of the information in this case is as follows: "That heretofore, on or about the twenty-second day of June, A. D. 1883, in the county of Palo Pinto and State of Texas, one George Allen did then and there acquire and obtain, by false and deceitful pretense and fraudulent representations, with intent to appropriate the same to the use of him, the said George Allen, the party so acquiring, four certain fish, personal property of the value of fifty cents, belonging to Gnat Bradford, by then and there representing to him, Gnat Bradford, that he, George Allen, would pay him, Gnat Bradford, fifty cents in money if said Gnat Bradford would deliver said fish at George Allen's house, which he, said Gnat Bradford, did then and there, and delivered said fish at George Allen's house, and which said representations then and there by the said George Allen made were false and untrue."

We presume that this information is based upon Article 790 of the Penal Code, and is intended to allege the offense of swindling. The facts alleged do not constitute the offense of swindling, or any other offense denounced by our Penal Code. To constitute the offense of swindling, some false representation as to existing facts or past events must have been made. Mere false promises, or false professions of intention, although acted upon, are not sufficient. (*Johnson* v. *The State,* 41 Texas, 65; *Mathews* v. *The State,* 10 Texas Ct. App., 279; 2 Bish. Crim. Law, sec. 419; *Tefft* v. *Windsor,* 17 Mich., 486; 3 Crim. Law Mag., p. 838; *People* v. *Blanchard,* 90 N. Y., 314; *Cone* v. *Moore,* 99 Pa. St., 570.) The information before us charges nothing more than a *promise* on the part of the defendant to *pay* for the fish when delivered at his house. It does not even allege directly that the defendant refused to pay for the fish when so delivered.

The judgment is reversed, and, because the information does not allege any offense against the law of this State, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered May 10, 1884.