## DILLARD v. DILLARD.

Stipulations—Compromise—Bill in Aid of Execution—Adjourn-
ment.

Terms of stipulation, entered into in open court in suit com-
menced by bill in aid of execution by judgment creditor against
husband and wife, whereby wife agreed to give plaintiff a
mortgage on the premises for $1,000 with interest at 6% per
annum payable at rate of $40 a month commencing 6 months
after decree of divorce awarding her the property should
become final and it was stated for the record that it was ex-
pected the decree of divorce would award the property to the
wife *held,* full, complete and binding irrespective of subsequent
discussion of the subject of adjournment, where the compromise
was accepted by the trial court as not unconscionable or as
induced by mistake or fraud.

Appeal from Wayne; Targonski (Victor), J. Sub-
mitted April 14, 1959. (Docket No. 48, Calendar
No. 47,986.) Decided June 6, 1959.

Bill by Mary Dillard against Jay T. Dillard and
Jo Ann Dillard in aid of execution. Settlement,
stipulated on record, disregarded and bill dismissed.
Plaintiff appeals. Reversed and decree ordered
entered.

*Lippman & Aaron* (*Sanford N. Lakin,* of counsel),
for plaintiff.

*Ben Rosenthal,* for defendant Jo Ann Dillard.

References for Points in Headnotes
50 Am Jur, Stipulations § 9.

DETHMERS, C. J. Defendants, husband and wife, owned certain real estate. Plaintiff had secured a judgment against the husband. She took out execution and caused a levy to be made on the premises. Thereafter, plaintiff commenced this action by filing a bill in aid of execution, charging that defendants' taking of title to the premises in the joint names of the husband and wife while the husband was insolvent was in fraud of the husband's creditors, including plaintiff.

On the date set for trial, the plaintiff and defendant wife and their counsel appeared in court. The court was informed that a divorce case between the defendants was pending in another circuit. Counsel for plaintiff and for defendant wife expressed confidence that a decree would be obtained in the divorce case, awarding the real estate to defendant wife. Counsel on both sides then stated, on the record and in open court, that they had agreed on a compromise settlement of the instant case. The substance of the agreement, as so stated, was as follows: after the defendant wife's decree of divorce should become final, and provided that it awarded her the real estate, she then was to give plaintiff a mortgage on the premises for $1,000, with interest at 6% per annum, payments, starting 6 months after the divorce decree should become final, to be in amounts of $40 or more monthly; upon execution and delivery of the mortgage to plaintiff, the instant case was to be dismissed, with prejudice and without costs, and plaintiff's claim against defendant wife, involved in this case, would thereupon become extinguished. Counsel for both parties stated that this was agreed upon by the parties, who were present in court. Counsel for plaintiff then stated to the court that this meant that, if agreeable to the court, this case would be continued until the expected decree in the divorce case had become final and the mortgage exe-

cuted, whereupon counsel would come back into court to make a further statement on the record of discontinuance.

The court objected to the proposed adjournment *sine die,* stating that the record of the case thus pending indefinitely would have to be reported in the court's triannual reports to the court administrator with an explanation as to why the case was thus left dangling, and that this would be an inconvenience to the court. Counsel for plaintiff then suggested that, to meet this situation, the case might "be returned to the assignment clerk and then taken off the call until a day certain, say, 10 months hence," saying that, "that might eliminate the problem" raised by the trial judge with respect to his reports to the court administrator. When the court did not respond favorably to this suggestion of plaintiff's counsel, defendant wife's counsel said:

"Would it be at all helpful to the court, as far as your report is concerned, if you had a stipulation from the attorneys that showed the reason for it, or showed whatever you thought would help the report? I am not familiar with what those reports contain; just offering that as a possible suggestion."

The court responded:

"Well, we have enough of a stipulation on the record for that purpose. It is just the inconvenience of having to each month append a memorandum to your report."

A discussion ensued between court and counsel as to the status of the divorce case and how soon it might be disposed of. From this conversation it appeared that the divorce case might be handled with dispatch, whereupon the court said concerning the proposed adjournment in the instant case:

"Well, under those circumstances I would suggest that rather than handling this matter on an 'if-come' basis, that we continue this hearing until, say, the first week in September, the week immediately following Labor Day."

Thereafter defendant wife secured her decree of divorce, which awarded her the property. One week later, on the date to which this case had been adjourned, the parties and counsel were back in court. Plaintiff expected the stipulation to be given effect and carried out. The court, however, required counsel for plaintiff to proceed to trial, holding that the above-outlined statements appearing on the record did not constitute a binding stipulation and agreement for compromise settlement of plaintiff's claim. The reasoning of the court, now shared by defendant, was that the agreement, as stated in open court by plaintiff's counsel and approved by counsel for defendant wife, called for an indefinite adjournment, which the court declined to grant for reasons above mentioned, and that, because the court, instead, adjourned the case to a date certain, the terms of the stipulation, as stated on the record, were never actually approved by the court and, therefore, did not become binding upon the parties.

We think the position of the trial court and of defendant in this regard utterly untenable. The terms of the compromise settlement, as reported by counsel in open court to have been agreed upon by the parties, were full and complete without the subsequent discussion of the subject of an adjournment. The court found no fault with them, nor did it hold the settlement unconscionable or induced by mistake or fraud. After counsel had stated on the record the entire agreement in settlement of the controversy, their proposals with respect to adjournment *sine die* were offered solely for the purpose of affording time and opportunity for carrying out the terms of the

stipulation. The suggestion that the adjournment be indefinite rather than to a date certain was in nowise part of nor of the essence of the agreement. When the court specified a date certain for adjournment there was no objection by counsel, but only expressions of belief that by that time the divorce case could be disposed of and the steps provided for by the stipulation completed. There is nothing in the record to indicate that when the adjournment occurred either the court or counsel for the parties thought anything other than that the parties had stipulated for a compromise settlement of the controversy. The court was correct, at the time it granted the adjournment, when it said, "Well, we have enough of a stipulation on the record for that purpose." That stipulation should have been given effect by the court on the adjourned date.

Decree below dissolving the levy, dismissing plaintiff's bill of complaint and denying her any relief whatever is reversed and set aside. A decree may enter here embodying the terms of the stipulation, with costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.