STOCKER v CLARK REFINING CORPORATION

PLEADING—DEFENSES—WRITTEN INSTRUMENT—COURT RULES.
The court rule requiring that when a claim or defense is founded on a written instrument, with certain exceptions, a copy of the instrument or its pertinent parts shall be attached to the pleading as an exhibit, is mandatory, and it was error to allow a lease to be raised as an affirmative defense at trial where it was not attached to the pleadings or produced at the pretrial conference (GCR 1963, 113.4).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 April 10, 1972, at Detroit. (Docket No. 11371.) Decided May 30, 1972.

Complaint by Allen Stocker against Clark Refining Corporation for damages resulting from defendant's negligence. Directed verdict for defendant. Plaintiff appeals. Order directing verdict for defendant vacated and cause remanded with instructions.

*Lopatin, Miller, Bindes, Tanielian & Freedman (Michael H. Feiler,* of counsel), for plaintiff.

*Rock, Roberge, Fossee, Panzer & Barr,* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
61 Am Jur 2d, Pleadings § 52.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. Plaintiff appeals from an adverse directed verdict.

There is no particular dispute as to the facts. At approximately 2:30 a.m. on February 3, 1968, plaintiff drove into a Clark service station to purchase gasoline and to put air into a tire. As plaintiff stepped out of his car, apparently to pay for the gasoline, he allegedly slipped and fell on a patch of ice, injuring himself. An hour later he called the gas station attendant to ask what the "company" would do about the injury. Plaintiff was told to call back when the owner was there. Apparently, nothing came of the call.

Plaintiff subsequently brought suit against Clark Refining Corporation, the present defendant, and *only* against Clark.

Defendant is the owner of the property upon which plaintiff injured himself. It leases it to one Thomas Eldridge. At trial the defendant raised the defense that it was not liable to plaintiff because of its lease to Eldridge. The trial court granted the defendant's motion for a directed verdict on the basis of *Bluemer v Saginaw Oil Service,* 356 Mich 399 (1959).

This Court is not generally disposed to consider an issue not briefed and referred to only obliquely by the parties on appeal. In the present case, however, our review of the record reveals an irregularity too significant to be overlooked.

During oral arguments, counsel for plaintiff drew our attention to the fact that at trial plaintiff objected to the introduction of the lease between defendant and Eldridge on the ground that it was neither pleaded nor produced at the pretrial conference. The record confirms this.

The trial judge was manifestly disturbed by this completely new defense raised without prior indi-

cation of the existence of the lease in the pleadings or the pretrial summary.

The trial judge observed:

"To me, this could have been pleaded the very minute the paper hit the defendant * * * it could have been done six weeks ago, last week or six months ago on a motion for a summary judgment. I don't know why it wasn't done."

Later the following colloquy took place:

"*The Court:* What is your motion?

"*Mr. Cannon [for plaintiff]:* My motion is to strike the opening statement on the ground that he is going to introduce a lease to show that there is no liability on the Clark Oil Corporation and it is not pleaded as part of his affirmative defense in this matter.

"A matter not pleaded is not part of the affirmative defense and cannot be introduced assuming otherwise that he is pleading an affirmative defense which is incorporated as true. I want to read the affirmative defense. It does not mention the lease, never mentions it in any pleadings. This is not known to the plaintiff and, as I say, it is going to come up in this case and I believe it is improper for the court to allow the defendant, at this point, to introduce a defense which has never been mentioned in my three years that this case has been pending.

"*Mr. Barr [for defendant]:* Your Honor, I think the court must take notice of all the pleadings of the whole file, including the affidavit, including the affirmative defenses.

"I am the defendant and one of the defendant's affirmative defenses and one of the specific defenses is that Clark Oil had no duty to maintain these premises. In support of this averment, we're intending to introduce a lease. This is a matter of proof in support of our contention. This is not a new direction.

"*The Court:* Gentlemen, we're right back where we started. The case has been poorly handled. I must make the statement that as far as getting the issue before the

jury and before the court is all that is of concern here. The defendant should have come in and indicated his position. The plaintiff had pretrial discovery to find the lessor and lessee and we would not have been in this position.

"Do you understand the position the court is in?

"*Mr. Barr:* Yes.

"*The Court:* If the proper discovery had been made by you, Mr. Cannon, as to the ownership, operation and control of the premises, we never would have been here discussing this, using your time and the court's time in trying to determine the legal issue that should have been determined two years ago.

"It's not the court's fault. The defendant should have answered that we're the owner of the property and we lease it and so on and so forth. He didn't want to because of the fact he is protecting the owner of the service station.

"This court may take leave of this case and send the case back on the call and let the other defendant be joined in so the case could be heard and decided. But, I don't care for the position the court is being put in. I am going to deny your motion to strike the statement and get on to the other exhibits to see if they can be introduced at this time or not."

The responsive pleading of the defendant raised the following affirmative defenses:

"[That defendant] was not under a duty to maintain the premises of said occurrence; that there was no defective condition on said premises in any event; and that the plaintiff was contributorily negligent."

The only possible indication that the defendant was relying upon the lease arrangement with Eldridge as a defense to its liability would have to be found in the general allegation that defendant "was not under a duty to maintain the premises". Even if this was the import of this phrase, the

pleading was nevertheless insufficient to raise this defense because of the requirement of GCR 1963, 113.4, which reads:

".4 Exhibits. Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is (1) a matter of public record in the county in which the action is commenced and its location in the record is set forth in the pleading; (2) in the possession of the adverse party and is so stated in the pleading; (3) inaccessible to the pleader or is of such nature that attaching the instrument would be unnecessary or impracticable and is so stated in the pleading, together with the reasons therefor. Every exhibit so attached or referred to under (1) and (2) shall be a part of the pleading for all purposes."[1]

Since the requirement that the exhibit be attached is made mandatory, the trial court should not have allowed the lease to be pleaded belatedly as an affirmative defense. Rather, we think the court, either on plaintiff's motion or on its own motion, should have sustained plaintiff's objection to the introduction of the lease and the affirmative defense based thereon.

The objective of present-day pleading, including the pretrial conference, was well stated by our Supreme Court even before the adoption of the GCR 1963. The specific reference was to former Rule 23.

"[T]he purpose of modern pleading is to give the parties adequate notice of the issues they are to meet. The pretrial conference is intended to narrow and simplify * * * the issues * * * by eliminating traps and surprises." (*Applebaum v Wechsler,* 350 Mich 636, 650 [1957]).

---

[1] None of the exceptions apply to the case at bar.

As noted by appellate counsel on oral argument, plaintiff driving into a Clark filling station could hardly have been expected to know all the provisions of a lease—to use counsel's words—"locked in a drawer in the company's headquarters".

We are not unaware of *Bluemer v Saginaw Oil Service,* 356 Mich 397 (1959), emphasized by appellee. It should be noted that in *Bluemer* the lease relied upon was specifically pleaded and referred to in the answer.

For the reasons hereinbefore discussed, we vacate the order directing a verdict for defendant. We remand for further proceedings as follows: If the defendant chooses to defend upon the merits as the issues are presently framed, without the defense raised by the unpleaded lease, it may do so. Failing this, plaintiff is to be allowed to amend as to parties defendant, and defendant then is to be permitted to plead the written instrument as required by rule.

Costs to plaintiff.

All concurred.