SCHULTZ *v.* HUEBNER.

1. LIBEL AND SLANDER—CRIMINAL PROSECUTION.

To say of another, "You are a swindler," imputes degrading conduct and acts, and is indictable under 3 How. Stat. § 9315, which provides that any person who shall falsely and maliciously, by word, writing, sign, or otherwise, accuse, attribute, or impute to another the commission of any crime, felony, or misdemeanor, or any infamous or degrading act, shall be deemed guilty of a misdemeanor.

2. SAME—SUFFICIENCY OF COMPLAINT.

The fact that the complaining witness construed the language used as imputing the commission of a crime, rather than an infamous or degrading act, does not render the complaint and warrant void. The offense charged is to be determined by the words alleged to constitute it, and not by the inference drawn from them by the affiant.

3. FALSE IMPRISONMENT—DEFENSES.

A complaint and warrant valid on their face will protect, not only the officer making the arrest and the magistrate issuing the warrant, but the complaining witness as well, from liability for false imprisonment.

Error to Saginaw; McKnight, J. Submitted January 7, 1896. Decided February 7, 1896.

Case by Frederick Schultz against August Huebner for malicious prosecution and false imprisonment. From a judgment for plaintiff, defendant brings error. Reversed.

The declaration contains two counts,—one for malicious prosecution, the other for false imprisonment. At the conclusion of the proofs, plaintiff withdrew the count for malicious prosecution. The case was submitted to the jury upon the count for false imprisonment, and a verdict rendered for the plaintiff for his actual damages, $45.

The defendant made a criminal complaint against the plaintiff, under 3 How. Stat. § 9315, which provides "that

any person who shall falsely and maliciously, by word, writing, sign, or otherwise, accuse, attribute, or impute to another the commission of any crime, felony, or misdemeanor, or any infamous or degrading act, * * * shall be deemed guilty of a misdemeanor," etc. The alleged slanderous words were spoken in the German language, are stated in the complaint, and translated as follows: "You are a swindler; you beat the poor people out of their money, and are a cheat and a fraud." A warrant was issued upon the complaint, placed in the hands of an officer, who arrested the plaintiff, who was brought before the justice, tried by a jury, and convicted. He appealed the case to the circuit court, where a *nolle prosequi* was entered, and the prisoner discharged. Before making the complaint, the defendant went to an attorney of good standing, and stated to him that the plaintiff had used the language as above given. This attorney advised him that it constituted a criminal offense under the above statute, and also consulted the prosecuting attorney, who was of the same opinion. Before the trial, the complaint was submitted to the prosecuting attorney of the county, who held the complaint to be good, and conducted the prosecution before the justice. It is not shown that the defendant took any other part in the criminal proceedings than to make the complaint. The court instructed the jury that the words used did not constitute any crime known to our statute, that there was therefore no authority for arresting the plaintiff, and that all persons connected with the arrest were liable to false imprisonment.

*Beach & Gavit-*and *J. H. Davitt*, for appellant.

*Trask & Smith*, for appellee.

GRANT, J. *(after stating the facts)*. We think the court erred in his instruction that the complaint and warrant were void. The question whether an offense was charged must be determined by the words alleged to con-

stitute the offense, and not by the inference of the affiant therefrom. The language clearly imputed degrading acts to the defendant, and the court was not deprived of jurisdiction because he chose to say that it was a crime rather than an infamous or degrading act. It is not necessary under this statute that the libelous words should impute a specific crime, or that some specific infamous or degrading act should be charged. To say of another, "You are a thief," would impute a crime. So, also, to say. of another, "You are a swindler," imputes degrading conduct and acts. Both are indictable under this statute. It follows that a valid complaint and warrant were issued, which protected the officer making the arrest, and the justice of the peace, from liability for false imprisonment. They also exempted the complaining witness from the like liability, although he may be held liable upon the count for malicious prosecution. *Wheaton* v. *Beecher*, 49 Mich. 349; 7 Am. & Eng. Enc. Law, 680; *Langford* v. *Railroad Co.*, 144 Mass. 431; *Murphy* v. *Walters*, 34 Mich. 180; *Johnson* v. *Maxon*, 23 Mich. 128; *Ward* v. *Cozzens*, 3 Mich. 252. See, also, *Love* v. *Wood*, 55 Mich. 451; *Hill* v. *Taylor*, 50 Mich. 549. Under this record, the action for false imprisonment cannot be sustained.

Judgment reversed, and new trial ordered.

The other Justices concurred.