DALLAS v. GARRAS.

1. PROCESS—IMMUNITY—SHOWING BY COUNTER-AFFIDAVIT.
  Denial of motion to quash service of summons in action for false imprisonment was justified where showing made in counter-affidavit was that defendant who claimed to be at county seat for purpose of procuring counsel to represent him in plaintiff's habeas corpus proceeding then pending had been present there for purpose of collecting money owed him by plaintiff, since defendant was not then immune from service of process.

2. FALSE IMPRISONMENT—VOID CAPIAS.

A void writ of *capias ad satisfaciendum* under which a party is arrested furnishes no justification to the party securing it, hence he is liable in an action for false imprisonment without regard to whether or not the process has been set aside before the action is brought.

3. SAME—VOID CAPIAS—ACCRUAL OF CAUSE OF ACTION.

Upon being taken into custody by sheriff under void writ of *capias ad satisfaciendum* which had been issued by circuit court clerk at request of assumpsit judgment creditor of plaintiff, a cause of action accrued to plaintiff for unlawful arrest and detention.

4. SAME—REGULARITY OF PROCESS.

Where the writ or process under which one is arrested is irregular but not absolutely void, an action for false imprisonment will not lie until it is set aside, but when set aside it ceases to be a protection for acts done under it while in force while process regularly issued in a case by a court of competent jurisdiction constitutes a justification to the party securing its issuance for that which is done under it although it was erroneously issued and may be set aside.

5. SAME—ADVICE OF COUNSEL—VOID CAPIAS—COLLATERAL ATTACK.

Writ of *capias ad satisfaciendum*, prepared by an attorney to whom plaintiff had stated all the facts, which was taken to county clerk who issued same, which was then taken to sheriff who arrested defendant after sheriff had been advised by the prosecuting attorney that the writ was valid and enforceable, is absolutely void, subject to collateral attack and affords no protection in defendant's action against plaintiff for false imprisonment where there is in fact no basis for the issuance of such writ.

6. CONSTITUTIONAL LAW—PROHIBITION OF IMPRISONMENT FOR DEBT.

Imprisonment for debt arising out of contract, except in cases founded on fraud or breach of trust, or for moneys collected by public officials or in a professional employment, is forbidden by the Constitution and statutes (Const. 1908, art. 2, § 20; 3 Comp. Laws 1929, § 14074 *et seq.*).

7. SAME—FALSE IMPRISONMENT—ADVICE OF ATTORNEY.

One causing an arrest and imprisonment in violation of constitutional and statutory provisions relative to imprisonment for debt cannot escape the consequences of such unlawful and unauthorized act because he acted upon the advice of an attorney (Const. 1908, art. 2, § 20; 3 Comp. Laws 1929, § 14074 *et seq.*).

8. FALSE IMPRISONMENT—INSTRUCTIONS—REQUEST TO CHARGE—
GOOD FAITH—ADVICE OF COUNSEL.
In action for false imprisonment wherein court gave instruction
more favorable to defendant than he was entitled to relative to
his good faith in acting upon the advice of counsel in having
plaintiff imprisoned for debt by leaving the matter of good
faith to the jury even where there was no basis for such im-
prisonment, defendant may not complain where such instruc-
tion was in language almost identical with defendant's request
to charge.

Appeal from Arenac; Shaffer (John C.), J. Sub-
mitted June 15, 1943. (Docket No. 67, Calendar
No. 42,319.) Decided September 7, 1943.

Case by Peter Dallas against Sam Garras for
false imprisonment. Verdict and judgment for
plaintiff. Defendant appeals. Affirmed.

*Harry E. Converse* (*Arthur J. Kinnane,* of coun-
sel), for plaintiff.

*A. Lewis Fineberg* and *James A. Jameson* (*J.
Russell Hughes,* of counsel), for defendant.

CHANDLER, J. This action is for damages by
plaintiff against defendant for false imprisonment.
Plaintiff was imprisoned in the Arenac county jail
for a period of about three weeks by virtue of a writ
of *capias ad satisfaciendum* issued by the clerk of
the Arenac circuit court at the institution of de-
fendant.

The undisputed facts show that some time prior
to September, 1940, defendant and appellant herein
began an action in the circuit court for the county
of Arenac against plaintiff and appellee to recover
for merchandise shipped by appellant to appellee
which was sold by appellee and paid for by him.

While the declaration purports to declare in trespass on the case, it contains two counts, namely, a special count in assumpsit, and the common counts in assumpsit, and undisputably shows that the action was one in assumpsit and not in tort. The bill of particulars attached shows items of merchandise shipped to defendant therein between December, 1938, and July, 1939, to the amount of $5,380 and payments amounting to $4,522, leaving a balance due of $858. A judgment by default was entered for said balance. The journal entry in said action was the ordinary one for moneys due as in any assumpsit action, except that it contained on the margin the words "Trespass on the case." The judgment entry was as follows:

"Sam Garras, d/b/a
  "Evergood Ham Company
        "vs.        Trespass on the Case #863
"Peter Dallas

"In this cause, the default of the said Peter Dallas, for want of an answer, having been duly entered, and the same having become absolute, and the damages of the said plaintiff having been duly assessed at the sum of $858.26 over and above his costs and charges, by him about his suit in this behalf expended; therefore, on motion of A. Lewis Fineberg, attorney for said plaintiff, it is ordered and adjudged by the court now here, that the said Sam Garras, d/b/a Evergood Ham Company, do recover against the said Peter Dallas, his damages aforesaid, together with his costs and charges aforesaid, which are hereby taxed at the sum of $26.10, and that the said Sam Garras, plaintiff, have execution thereof."

On March 28, 1941, the clerk of the circuit court for the county of Arenac, at the request of the appellant herein, issued a writ of *capias ad satis-*

*faciendum,* or body execution, on the aforementioned judgment for the arrest of plaintiff, which writ was placed in the hands of the sheriff of the county for execution by appellant. Plaintiff was then arrested and confined in the county jail, appellant paying his board to the sheriff to keep him so confined until his release therefrom by order of the court on April 16, 1941.

It appears from the record that the sheriff took the writ of *capias ad satisfaciendum* to the prosecuting attorney of Arenac county before making the arrest but the prosecuting attorney went no further in investigating as to whether the writ was valid than to read it. The defendant could not have relied upon the prosecuting attorney's judgment in the matter as the prosecutor's opinion was not sought by the defendant nor was his opinion given until after the writ was issued. He made no investigation to ascertain the form of the pleadings or the judgment entry by virtue of which the clerk signed the writ which was presented and requested by the defendant.

The instant case was commenced by summons issued out of the circuit court for the county of Arenac on the 16th day of April, 1941, which summons was served on defendant on the date of issuance. Plaintiff's declaration was filed on May 1, 1941, and on the 13th of May defendant moved for the dismissal of the cause for the following reasons:

"1. Because service of process was had on the defendant, Sam Garras, on Wednesday, April 16, 1941, while the said defendant was in the city of Standish, Michigan, seeking counsel to represent him in a habeas corpus proceedings, instituted by the plaintiff, who was confined to the county jail under a body execution, which writ was to be heard by this honorable court on Friday, April 18, 1941.

Because the defendant was immune from service of process at the time service of process was had on him.

"2. Because the present action, which was commenced by summons, was prematurely brought. There being no cause of action against the defendant on the 16th day of April, 1941. Because if there was any action against the defendant it did not develop until the 18th day of April, 1941, when a decree was entered by this honorable court, releasing the said plaintiff from the Arenac county jail. Because the present action is one for false imprisonment, and could not be maintained until the court entered the decree on the 18th day of April, 1941."

In support of the motion for dismissal, appellant filed an affidavit alleging that on the 16th day of April, the date of service of summons on him, he was in the city of Standish, county seat of Arenac county, for the purpose of seeking counsel to represent him in the habeas corpus proceedings instituted by plaintiff herein which was to be heard by the circuit judge of said county on April 18th.

Appellee filed a counter-affidavit in opposition to said motion denying that appellant was in the city of Standish on the day in question for the purpose of seeking counsel to represent him or for the purpose of attending court as a witness in or a party to said habeas corpus proceeding. The affidavit so filed in opposition to said motion was made and sworn to by one James A. Kappellas of Bay City. The affidavit showed that appellant came to Bay City from Detroit on the 16th day of April and told deponent that he was going to Standish to see if he could make a deal with Peter Dallas and his wife by which he could collect the money which Dallas owed him; that appellant said that he did not know Mrs. Dallas

who operates a restaurant in Standish and wanted deponent to go with him and introduce him to her and help him talk business with her; that deponent accompanied appellant to Mrs. Dallas' restaurant at Standish and that while in said restaurant an officer entered and served a summons on appellant; and that until that time appellant had said nothing about seeing a lawyer and had not mentioned a habeas corpus proceeding or any other court procedure.

In view of the showing and counter-showing made by the affidavits, we determine that the trial court was amply justified in denying appellant's motion to quash service of the summons. Appellant was not immune from service of process under the circumstances disclosed by the record. The other reason alleged in the motion for dismissal of the action is without merit.

Appellant contended in the court below and on this appeal insists that the instant action was prematurely instituted. His counsel is evidently confused over the distinction between a void writ issued by a ministerial officer and a case where the writ or process is merely irregular or a case where it is erroneously issued by a court of competent jurisdiction.

1. Where a writ under which a party is arrested is void, it furnishes no justification to the party securing it and he is liable in an action for false imprisonment without regard to whether or not the process has been set aside before the action is brought. In this instance, the writ under which plaintiff was arrested and detained was absolutely void and afforded the party who was responsible for its issuance absolutely no protection whatever. The minute that appellee was taken into custody by the

sheriff the mischief was done. An action had accrued to plaintiff upon his unlawful arrest and detention.

2. Where the writ or process under which one is arrested is irregular but not absolutely void, an action will not lie until it is set aside, but when it is set aside it ceases to be a protection for acts done under it while it was in force.

3. Where the process is regularly issued in a case by a court of competent jurisdiction, it constitutes a justification to the party securing its issuance for that which is done under it, although it was erroneously issued and may be set aside.

We have reviewed the cases cited by counsel for appellant in support of his position that this action was prematurely brought but we find none of them applicable to the facts in the instant case on the question involved.

Without further discussion of this question, we cite, without quoting, a few of the many cases in this jurisdiction directly in conflict with the contention of appellant on this issue. See *Fuller* v. *Bowker,* 11 Mich. 204; *Josselyn* v. *McAllister,* 22 Mich. 300; *In re Stephenson,* 32 Mich. 60; *Thompson* v. *Ellsworth,* 39 Mich. 719; *Wachsmuth* v. *Merchant's National Bank,* 96 Mich. 426 (21 L. R. A. 278); *General Motors Acceptance Corp.* v. *Ellar,* 243 Mich. 603; 25 A. L. R. 1518.

After the denial of the motion to quash process, the case was tried upon the merits and resulted in a verdict of the jury in the sum of $1,500 and the entry of a judgment for this amount in favor of plaintiff and appellee.

At the close of plaintiff's proof, defendant moved for a directed verdict of no cause of action, and after verdict, for entry of a judgment *non obstante*

*veredicto* and for a new trial, all of which motions were denied and this appeal was taken.

Appellant's statement of questions involved are numerous and some too trivial to discuss in detail. We have already discussed and disposed of several of them. The remainder meriting discussion are as follows:

1. Where plaintiff in an action, after stating all the facts to an attorney who prepared a writ of *capias ad satisfaciendum,* takes said writ to the county clerk who issues same, and then takes same to the sheriff who arrests defendant after he, said sheriff, has been advised by the prosecuting attorney that said writ is valid and enforceable, is said plaintiff liable in damages to defendant in said cause for false imprisonment when said defendant is released by writ of habeas corpus? The foregoing question is stated in the exact language of appellant.

2. Did the court commit error in his charge to the jury and in his failure to charge as requested by appellant?

3. Did the court commit error in the denial of the various motions hereinbefore detailed?

We believe the first of the three questions presents the only important issue on this appeal. However, we are of the opinion that where a writ is issued without any basis whatsoever, without any facts warranting its issuance, as in the instant case, it is absolutely void, subject to attack in collateral proceedings, and affords no protection to the person causing its issuance in a suit for false imprisonment.

Imprisonment for debt arising out of contract, except in cases founded on fraud or breach of trust, or for moneys collected by public officials or in a professional employment, is forbidden by the Constitution of this State (Const. 1908, art. 2, § 20),

and also by statutory* and common-law authority. One causing an arrest and imprisonment in violation of the constitutional and statutory provisions, such as is disclosed by the record in this case, cannot escape the consequences of such unlawful and unauthorized act because he acted upon the advice of an attorney.

However, even if the views herein expressed are not correct, the appellant has no cause to complain because the trial court charged the jury on this branch of the case, in language almost identical with appellant's request, as follows:

"Now, in connection with what has been said about the defendant getting the advice of counsel, in connection with his defense, I am going to charge you this:

"If the defendant laid all the facts in the case fairly before his counsel upon beginning proceedings, and acted in good faith on the opinion given him by counsel, however erroneous that opinion might be, he is not liable to this action; but if he misrepresented the case or he does not act in good faith under the advice he has received, and knows or does not believe that there was any cause to procure the arrest of the plaintiff, he is not protected, and it is for the jury to determine whether he acted in good faith, and honestly believed he was entitled to procure the arrest of the plaintiff."

Certainly appellant was not entitled to an instruction as favorable as the foregoing.

We find from the record that at least upon two occasions prior to the institution of the assumpsit case by appellant he had gone to the authorities and asked for a criminal warrant against appellee for

---

* See 3 Comp. Laws 1929, § 14074 et seq. (Stat. Ann. § 27.741 et seq.).—REPORTER.

fraud in connection with the transaction complained of in the civil case and had been refused.

As bearing upon the question of good faith of appellant in securing the issuance of the writ, we note by a review of his testimony that his philosophy is that a person who does not pay his debts should be imprisoned. There are undoubtedly many instances where sympathy expended for one imprisoned for a debt would be a waste, but this furnishes no legal justification for a debtor's imprisonment in defiance of constitutional and statutory provisions.

We have reviewed carefully defendant's requests to charge and the instructions given by the trial court to the jury. We are satisfied that such requests by the defendant as he was entitled to were embodied in the charge of the court and that the instructions given were eminently fair and correctly stated the principles of law applicable to the issues involved, with the exception hereinbefore noted, and this error was certainly not prejudicial to appellant.

We are further persuaded that the trial court was correct in the denial of the motions made by appellant which we have discussed in detail.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.