BURRILL v MICHIGAN

Docket No. 78-62. Submitted March 7, 1979, at Lansing.—Decided May 23, 1979.

Plaintiff, Sarah Burrill, is the administratrix of the estate of Clifford Burrill, who was a blind vendor who operated a concession stand in the Wayne County Department of Social Services building and who was robbed and stabbed to death in a parking lot adjacent to the building. Plaintiff brought an action against the State of Michigan alleging negligent maintenance and repair of the building and allowing a dangerous condition to exist by failing to provide proper and necessary security guard service. She also alleged a breach of a contract concerning security guard service of which the deceased was a third-party beneficiary, but no contract was ever produced. The Court of Claims, Ronald M. Ryan, J., granted summary judgment for defendant. Plaintiff appeals by leave granted. *Held:*

1. A prerequisite to liability of a governmental agency for maintaining a dangerous or defective building is that the governmental agency was an owner, a lessee or in control of the premises at the time of the injury. There was no indication below that the defendant was the owner or lessee or was in control of the building.

2. Review by the Court of Appeals is limited to the record in the trial court. When, in a motion for summary judgment, it is incumbent upon the nonmoving party to come forward with evidence to support her claim and she fails to do so, the Court of Appeals will not consider allegations and supporting documents not presented below.

3. Assisting the blind through a federally sponsored and statutorily mandated program is a *sui generis* function of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 100, 145, 150, 154.

[2] 4 Am Jur 2d, Appeal and Error § 491.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 42.
State's immunity from Tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

[4] 23 Am Jur 2d, Depositions and Discovery § 273.

government. Providing the blind vendor program is *sui generis* governmental and the state is protected from liability by governmental immunity.

4. A party to a lawsuit will not be heard to complain that discovery had not been completed when summary judgment was entered against her where she had initiated the lawsuit two years previously and had made no attempt at discovery.

Affirmed.

1. TORTS — GOVERNMENTAL IMMUNITY — EXCEPTIONS TO GOVERNMENTAL IMMUNITY — STATUTES — MAINTAINING A DANGEROUS OR DEFECTIVE BUILDING.

A prerequisite to liability of a governmental agency for maintaining a dangerous or defective building is that the governmental agency was an owner, a lessee or in control of the premises at the time of the injury (MCL 691.1406; MSA 3.996[106]).

2. APPEAL AND ERROR — SCOPE OF REVIEW — SUMMARY JUDGMENT — COURT RULES.

Review by the Court of Appeals is limited to the record in the trial court; when, in a motion for summary judgment, it is incumbent upon the nonmoving party to come forward with evidence to support his claim and he fails to do so the Court of Appeals will not consider allegations and supporting documents not presented below (GCR 1963, 812).

3. STATES — TORTS — GOVERNMENTAL FUNCTION — BLIND VENDORS PROGRAM — STATUTES.

Assisting the blind through a federally sponsored and statutorily mandated program is a *sui generis* function of government; providing the blind vendor program is *sui generis* governmental (MCL 400.114; MSA 16.490[24]).

4. JUDGMENT — SUMMARY JUDGMENT — TRIAL — DISCOVERY.

A party to a lawsuit will not be heard to complain that discovery had not been completed when summary judgment was entered against him where he had initiated the lawsuit two years previously and had made no attempt at discovery.

*Temple & Cutler,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Janis Meija* and *William K. Balsinger,* Assistants Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and BASHARA and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff appeals from an order granting summary judgment in favor of defendant, pursuant to GCR 1963, 117.2(3).

Plaintiff's decedent, Clifford Burrill, was a blind vendor who operated a concession stand in the Wayne County Department of Social Services building. On December 5, 1974, after closing his stand and leaving work, Burrill was robbed and stabbed to death in the parking lot area adjacent to the facility by an unknown assailant.

Plaintiff brought an action alleging that defendant was negligent in maintaining and repairing a public building, and for allowing a dangerous condition to exist. Specifically, plaintiff claimed defendant failed to provide proper and necessary security guard services.

In the motion for summary judgment, defendant claimed that the plaintiff had failed to allege facts in avoidance of governmental immunity or otherwise state a claim upon which relief could be granted.

Plaintiff admits the existence of the doctrine of governmental immunity, but claims that the pleadings raise genuine issues of fact as to whether this case falls within one or more of the statutory exceptions.

Plaintiff first contends that defendant's immunity from suit has been abrogated by maintaining a dangerous and defective building pursuant to MCL 691.1406; MSA 3.996(106):

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property dam-

age resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

A prerequisite of liability is that it be shown that the defendant was an owner, a lessee, or in control of the premises in question. See *Mobil Oil Corp v Thorn,* 401 Mich 306; 258 NW2d 30 (1977), *Lipsitz v Schechter,* 377 Mich 685, 687-688; 142 NW2d 1 (1966), *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975).

An examination of the lease and the affidavit of the director of the Michigan Department of Social Services, Business Services Division, shows that the building in question is leased to Wayne County by another corporate entity. The duty to provide office space for the various departments of social services rests with the county and not the state. MCL 400.45; MSA 16.445.

The defendant clearly had no owner's or lessee's interest and thus no control of the premises.

Whether there is a genuine issue as to a material fact is determined by examining the affidavits, pleadings, depositions, admissions and documentary evidence filed in the action. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965).

GCR 1963, 116.4 requires the affidavits be made on personal knowledge and set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds set forth.

An answer must consist of more than mere denials, conclusionary language and conjecture as plaintiff's answer does. *Dionne v Pierson Contracting Co,* 2 Mich App 134, 139; 138 NW2d 555 (1965), *Burroughs Corp v Detroit,* 18 Mich App 668, 675;

171 NW2d 678 (1969). Real evidentiary support is required. *Zimmerman v Stahlin,* 374 Mich 93, 97; 130 NW2d 915 (1964). The trial judge properly granted summary judgment as to this issue.

Plaintiff's next claim seems to involve an alleged breach of contract concerning security guard services which forms the basis of a third-party-beneficiary theory. It is unclear upon what contract and with whom plaintiff bases this claim. When an action is based on a written contract, it is necessary to plead and produce the contract. GCR 1963, 113.4, *Stocker v Clark Refining Corp,* 41 Mich App 161; 199 NW2d 862 (1972).

Plaintiff has failed to come forward with any evidence to support her claim. The numerous allegations and supporting documents compiled in plaintiff's brief were never presented to the Court of Claims. This Court's review is limited to the record in the trial court. GCR 1963, 812.

Plaintiff also contends that the fee collected by the state from blind vendors constitutes a proprietary function and invalidates any governmental immunity.

The pertinent statute, MCL 691.1413; MSA 3.996(113) states:

"The immunity of the state shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as herein defined. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state, excluding, however, any activity normally supported by taxes or fees."

A review of the record indicates that the 2% fee was placed in a revolving fund established by the Legislature to purchase original equipment for the

blind vendors' program, and for eventual replacement of depreciated equipment.

The defendant is required by law to provide such vending stand programs and is prohibited from making a profit from the enterprise. MCL 400.114; MSA 16.490(24), 20 USC 107 *et seq.*

Although the state may be extensively involved in the administration of a federally sponsored program, the function is not proprietary in nature.

In the recent decision of *Parker v Highland Park,* 404 Mich 183, 199; 273 NW2d 413 (1978), our Supreme Court found attempts to distinguish between a governmental and proprietary function to be inherently unsound. The Court held that the term government function should be limited to those activities *"sui generis* governmental—of essence to governing".

As pointed out by Justice MOODY in his concurring opinion, adoption of the "of essence to government" test should only be used as a starting point in defining a governmental function.

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government." *Parker, supra,* 200.

Assisting the blind through a federally sponsored and statutorily mandated program is a *sui generis* function of government. Applying any criterion, the state's role was obviously governmental.

Plaintiff's final claim is that the grant of sum-

mary judgment was improper because discovery had not been completed prior to the order.

Dismissing an action or rendering judgment by default for failure to make discovery are drastic sanctions, which the court has power to impose in extreme situations. GCR 1963, 313, *Krim v Osborne,* 20 Mich App 237, 241; 173 NW2d 737 (1969).

Plaintiff instituted this suit. Upon receiving notice of the motion for summary judgment, it was incumbent upon her to complete discovery. Absolutely no attempts at discovery were ever made. The trial court correctly held that two years from the institution of suit was more than sufficient time to complete discovery. See Proposed Michigan Court Rule 2.314.

Affirmed. Costs to defendant.