## COBURN v PUBLIC SERVICE COMMISSION

Docket No. 50135. Submitted December 8, 1980, at Lansing.—Decided March 4, 1981.

Charles F. Coburn was permanently injured as the result of a collision between his automobile and a freight train at a grade crossing. Raymond F. Coburn, as guardian of his son's estate, brought an action for damages against the Michigan Public Service Commission in the Court of Claims. The suit alleged that defendant was grossly negligent in failing to order additional protective devices and that defendant had permitted or required the railroad company to maintain a nuisance. The Court of Claims entered a judgment of no cause of action, Leo Corkin, J. Plaintiff appeals, contending that the trial court failed to comply with GCR 1963, 517.1, in that the findings of fact were inadequate. Plaintiff also contends that the trial court erred in failing to cite to any of the trial exhibits in the findings of fact and in failing to refer to a separate record containing the objections to the depositions submitted at trial. Further, plaintiff contends that the trial court erred in failing to recognize that defendant could be held liable for either permitting or requiring the railroad company to maintain a nuisance. *Held:*

1. The findings of fact are adequate. GCR 1963, 517.1 requires that the lower court make brief, definite, and pertinent findings and conclusions upon the contested matters without overelaboration of detail or particularization of facts. The court's findings were sufficient to indicate the path that was chosen to reach the conclusions of law. The court's failure to determine whether a nuisance existed is not fatal here since the court did find that defendant did not create or maintain a condition that might be considered a nuisance.

2. The court's failure to submit a separate record detailing the various rulings on objections to testimony also is not critical here. The court's findings specified the evidence on which the judge relied and, since none of the evidence was

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trial § 1250 *et seq.*
[3] 58 Am Jur 2d, Nuisances § 49.

inadmissible, plaintiff was not prejudiced by the court's failure to make a separate record with reguard to the objections. A trial judge is under no obligation to supply detailed citations to specific sources of evidence relied upon as bases for findings of fact, particularly where both parties can review the testimony presented and locate the specific sources.

3. Defendant cannot be held liable for the nuisance because it did not create the nuisance and it neither owned nor controlled the property from which the nuisance arose nor did it employ another to do work which was known to be likely to create a nuisance.

Affirmed.

1. COURTS — NONJURY TRIAL — FINDINGS OF FACT — COURT RULES.
   The rule which requires a trial court in a nonjury case to make special findings of fact and to state its conclusions of law does not require overelaboration of detail or particularization of facts (GCR 1963, 517.1).

2. COURTS — FINDINGS OF FACT — EVIDENCE — DUTY TO CITE SPECIFIC SOURCES.
   A trial court is under no obligation to supply detailed citations to specific sources of evidence relied upon as bases for findings of fact, particularly where both parties can review the testimony and locate the specific sources.

3. NUISANCE — LIABILITY FOR DAMAGES.
   Liability for damages caused by a nuisance turns upon whether the defendant is in control of the alleged nuisance, either through ownership or otherwise.

*Charfoos & Charfoos, P.C.* (by *John G. Konkel),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for defendant.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff brought an action to recover damages arising from a 1971 railroad

grade crossing accident. Plaintiff appeals from the Court of Claims entry of no cause of action.

In February, 1971, plaintiff's son was permanently injured as the result of a collision involving his automobile and a Penn Central Transportation Company freight train at a grade crossing on Nadeau Road, a county road in Monroe County, Michigan. In May, 1973, plaintiff filed a suit alleging that defendant was grossly negligent in failing to order additional protective devices and that defendant had permitted or required the railroad company to maintain a nuisance.

Plaintiff argues that the lower court failed to comply with GCR 1963, 517.1. Plaintiff claims that the findings of fact were inadequate because the court failed to determine whether a nuisance existed and whether defendant either permitted or required another to maintain a nuisance. Plaintiff also argues that the court erred in failing to: (1) cite to any of the trial exhibits in the findings of fact and (2) refer to a separate record containing the objections to the deposition submitted at trial. After reviewing the findings of the trial court, we conclude that they are adequate under the court rule.

GCR 1963, 517.1 requires that the lower court make "brief, definite, and pertinent findings and conclusions upon the contested matters without overelaboration of detail or particularization of facts". As stated in *Ray v Mason County Drain Comm'r,* 393 Mich 294, 302; 224 NW2d 883 (1975):

"What is required under GCR 1963, 517 will vary somewhat with the type of case and the nature of the fact questions involved, but at the very least GCR 1963, 517 demands that the court's findings be sufficiently detailed to give an indication of the factual basis for the judge's conclusion."

Further, in *Powell v Collias,* 59 Mich App 709, 714; 229 NW2d 897 (1975), this Court stated:

"Minimal compliance with the court rule is satisfactory, provided it reveals the factual basis for the court's ultimate conclusions. * * * Brevity alone is not fatal to a trial court's opinion because the rule does not require overelaboration of detail or particularization of facts."

After reviewing the 10-page opinion issued by the lower court, we feel that the requirements of the court rule have been satisfied. The court's findings were sufficient to indicate the path that was chosen to reach the conclusions of law and they adequately supported the conclusions of law. The court's failure to determine whether a nuisance existed is not fatal here since the court did find that defendant did not create or maintain a condition that might be considered a nuisance. The court's finding in this regard adequately disposes of this matter.

The court's failure to submit a separate record detailing the various rulings on objections to testimony is not critical here. We note that at the close of the trial, plaintiff's attorney stated his understanding that the findings of fact would disclose the decision of the judge on the admissibility of evidence contained in the depositions. Since the court's findings specified the evidence on which the judge relied and none of the evidence was inadmissible, plaintiff was not prejudiced by the court's failure to make a separate record with regard to the objections. Plaintiff's further claim that the findings of fact are inadequate because the judge did not cite the specific source of the evidence on which he relied is without merit. The trial judge is under no obligation to supply detailed citations to the specific source of evidence, particularly where

both parties can review the testimony that was presented and locate the specific sources. The procedure followed by the trial judge did not preclude effective review by this Court.

Plaintiff also argues that the court erred in failing to recognize that defendant could be held liable for either permitting or requiring the Penn Central Transportation Company to maintain a nuisance. We reject this line of argument.

Plaintiff cites the following statement by the Court in *Rosario v City of Lansing,* 403 Mich 124, 137; 268 NW2d 230 (1978), in support of his contention that defendant incurs liability for permitting a nuisance:

> "We said in *Ebel v Saginaw County Board of Road Comm'rs,* 386 Mich 598, 607; 194 NW2d 365 (1972): 'No state agency is free to maintain a nuisance, and hence it cannot permit or require another person to do so.'[14]

> \* \* \*

> "[14] Although the statement was made in reference to the question of whether or not a railroad could be charged with maintenance of a nuisance by virtue of its compliance with an order of the Public Service Commission, the statement assumes that the state is liable for maintenance of a nuisance. The railroad crossing signal in *Ebel* was allegedly a nuisance in fact, causing personal injury to plaintiff."

Plaintiff misconstrues this statement by the *Rosario* Court, which dealt with the liability of a governmental unit for its own maintenance of a nuisance. In *Rosario* a sewer was owned and maintained by the defendant, the City of Lansing. The quote from *Ebel, supra,* was concerned solely with the fact that even if a state agency permits a party to maintain a nuisance, the party still remains liable for the nuisance. The statement does not mean that if a state agency permits a person to maintain a nuisance, the state agency thereby becomes liable. As highlighted by the *Rosario*

Court, the statement in *Ebel, supra,* "assumes that the state is liable for maintenance of a nuisance". *Rosario, supra,* 137, fn 14. *Rosario* did not extend nuisance liability beyond the party that owns or controls the property.

An argument similar to plaintiff's was recently rejected by this Court in *Stemen v Coffman,* 92 Mich App 595; 285 NW2d 305 (1979). In that case, the liability of the City of Grand Rapids was based on its allegedly negligent inspection of a building, issuance of a certificate of compliance and failure to take corrective action. This Court upheld the entry of summary judgment in favor of defendant and explained:

"Plaintiffs rely upon the 'nuisance exception' to the legislative grant of immunity to a government agency engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). * * * [T]hey argue that the failure of the city and its employees to require the Coffmans to abate the nuisance consisting of a multiple dwelling unit without adequate fire protection measures and devices allows liability to be imposed upon the city under the judicially created 'nuisance exception', recently discussed from a variety of perspectives in *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978).

"We disagree. 'Liability for damage caused by a nuisance turns upon whether the defendant was in control, either through ownership or otherwise.' 58 Am Jur 2d, Nuisances, § 49, p 616. We have found no authority imposing liability for damage caused by a nuisance where the defendant has not either created the nuisance, owned or controlled the property from which the nuisance arose, or employed another to do work which he knows is likely to create a nuisance. The city's relationship with the property alleged to constitute a nuisance in this case falls under none of these headings; indeed, it is far more attenuated. To hold the city liable under the 'nuisance exception' in this case would

stretch the concept of liability for nuisance beyond all recognition." *Id.,* 597-598.

We find the *Stemen* Court's reasoning persuasive and choose to follow it in the instant case.

Also, we summarily reject plaintiff's contention that defendant's failure to issue an order amounted to a requirement not to install safety devices. The term "require" connotes some type of compulsion, which is totally lacking in defendant's conduct in failing to order safety equipment.

The decision of the Court of Claims is affirmed.