NORBERG v CITY OF MUSKEGON

Docket No. 50170. Submitted January 6, 1981, at Grand Rapids.—
Decided March 4, 1981.

Leonard Norberg was arrested for violation of a city ordinance which, unknown to the complaining witnesses, had been repealed. The complaint was signed by defendants Julius A. Winkler, an inspector of housing for the City of Muskegon, and Arthur Backstrom, Winkler's supervisor. The city attorney approved the complaint and an arrest warrant was issued. Plaintiff filed suit in Muskegon Circuit Court against the City of Muskegon, Backstrom and Winkler, alleging false arrest. The circuit court summarily dismissed plaintiff's complaint on the ground that even if the warrant had been erroneously issued the defendants were relieved of any liability because the proper process had been undertaken, R. Max Daniels, J. Plaintiff appeals. *Held:*

A complaining witness incurs no liability for false arrest where a valid complaint and warrant are issued. Complaints and warrants are valid where regularly issued by a court of competent jurisdiction even though they are erroneous and may be set aside. Thus, although defendants were mistaken in their belief that the city ordinance upon which their complaint was based was still in effect, they were relieved of any liability for false arrest because the arrest warrant was issued pursuant to regular process. The trial court did not err in dismissing the complaint.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADINGS —
COURT RULES.

A motion for summary judgment for failure to state a claim upon which relief can be granted must be tested by the pleadings alone and, unless the claim is so clearly unenforceable as a

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71, 226, 230 *et seq.*
[2] 32 Am Jur 2d, False Imprisonment §§ 3, 37.
Liability of private citizen for false arrest by officer. 21 ALR2d 643.

matter of law that no factual basis can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. FALSE IMPRISONMENT — PROCESS — LIABILITY FOR FALSE ARREST.

   A complaining witness incurs no liability for false arrest where a valid complaint and warrant are issued, even if erroneously, by a court of competent jurisdiction.

*James J. Kobza,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendants on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff filed a complaint alleging false arrest. Plaintiff appeals the trial court's dismissal of the suit.

On April 17, 1978, defendant Arthur Backstrom, an inspector of housing for the City of Muskegon, and defendant Julius Winkler, Backstrom's supervisor, signed a complaint against plaintiff. Defendants alleged that plaintiff had rented property without obtaining a certificate of occupancy in violation of city ordinance no. 752. Unknown to defendants, the ordinance had been repealed by ordinance no. 787 in February, 1976. The complaint was approved by the city attorney and an arrest warrant was subsequently issued. Plaintiff was arrested on August 1, 1978, but the charge was dismissed on August 4, 1978, because the ordinance had been repealed.

On December 4, 1978, plaintiff filed a suit against the City of Muskegon, Backstrom and Winkler.[1] After a hearing and prior to the commencement of the trial, the circuit court dismissed

[1] Plaintiff later agreed to strike Count II of the complaint against the City of Muskegon.

plaintiff's complaint on the ground that the proceedings utilized in obtaining the arrest warrant were proper. The court concluded that, even if the warrant had been erroneously issued, defendants were still relieved of any liability because the proper process had been undertaken.

Although the motion is couched in terms of a motion for a directed verdict, the trial court's decision must be considered as one on a motion for summary judgment since no proofs had yet been offered. The sole issue on appeal is whether the court erred in summarily dismissing plaintiff's complaint. We find no error in the court's decision.

A motion for summary judgment under GCR 1963, 117.2(1) must be tested by the pleadings alone. Unless the claim is so clearly unenforceable as a matter of law that no factual basis can possibly justify a right to recover, the motion should be denied. *Partrick v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978).

In *Dallas v Garras,* 306 Mich 313, 319; 10 NW2d 897 (1943), the Supreme Court distinguished between an arrest made pursuant to a void writ issued by a ministerial officer, an arrest made pursuant to a writ or process which was merely irregular and an arrest made pursuant to a writ which was erroneously issued by a court of competent jurisdiction. We find that the arrest made in this case was of the type last described. As to that type of arrest, the Court stated:

"Where the process is regularly issued in a case by a court of competent jurisdiction, it constitutes a justification to the party securing its issuance for that which is done under it, although it was erroneously issued and may be set aside." *Dallas v Garras, supra,* 320.

The Court had previously held that a complain-

ing witness incurs no liability for false arrest where a valid complaint and warrant were issued. *Schultz v Huebner,* 108 Mich 274, 276; 66 NW 57 (1896). Also, in *Tillman v Beard,* 121 Mich 475, 477, 480; 80 NW 248 (1899), the Court declared:

"'* * * an officer who, in good faith, makes a complaint in the belief that the ordinance is valid, is not liable. A party in good faith making a complaint for the violation of any law or ordinance is not required to take the risk of being mulcted in damages if courts afterwards hold it unconstitutional. This rule is dictated by the plain principles of public policy. In *Marks v Townsend,* 97 NY 590, it is said:

" 'This rule of exemption is founded in public policy, and is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances, without the risk of undue punishment for their own ignorance of the law or for the errors of courts and judicial officers.'

*          *          *

"A case precisely in point is *Gifford v Wiggins,* 50 Minn 401. * * *

"It is there said:

" 'It seems to be settled by an almost unbroken line of authorities that if a person merely lays a criminal complaint before a magistrate in a matter over which the magistrate has a general jurisdiction, and the magistrate issues a warrant, upon which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction.' "

In the instant case, the arrest warrant was issued by a court of competent jurisdiction. Defendants, the complaining witnesses, filed the complaint with the good faith belief that ordinance no.

752 was still valid. Although they were mistaken, they were relieved of any liability for false arrest since the arrest warrant was issued pursuant to regular process. We conclude that the trial court did not err in dismissing the complaint.

Affirmed.