MITCHELL v DEPARTMENT OF CORRECTIONS

Docket No. 52567. Submitted June 12, 1981, at Lansing.—Decided March 2, 1982.

Phillip Mitchell brought an action in the Court of Claims against the Department of Corrections for damages for injuries he suffered when beaten by fellow inmates of the Trenton city jail. The plaintiff's claim alleged nuisance and the defendant's failure to maintain safely a public building under its control. The Court of Claims, Robert Holmes Bell, J., granted the defendant's motion for summary judgment for failure to state a claim for which relief may be granted. Alternatively, the court granted accelerated judgment on the basis of governmental immunity. Plaintiff appeals. *Held:*

1. Liability for a nuisance may not be imposed unless the defendant was in control of the nuisance through ownership or otherwise. The statutory requirement that the Department of Corrections supervise and inspect local jails and promulgate rules for their operation is not sufficient to constitute control for purposes of a nuisance action. Control of a city prison is vested in the city's governing body. Summary judgment was proper.

2. Similarly, the plaintiff failed to state a claim under the exception to the doctrine of governmental immunity which allows an action for negligence in the maintenance of a public building.

3. The plaintiff was not a state-sentenced prisoner, committed to the custody of the department, which is a prerequisite for an action by an inmate against the department.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26.

[2, 3] 58 Am Jur 2d, Nuisances §§ 48, 49.

[3] 60 Am Jur 2d, Penal and Correctional Institutions § 7.

[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 150 *et seq.*

[5, 7] 60 Am Jur 2d, Penal and Correctional Institutions § 3.

[6] 60 Am Jur 2d, Penal and Correctional Institutions §§ 17, 19.

[7] 60 Am Jur 2d, Penal and Correctional Institutions § 19.

M. F. CAVANAGH, J., dissented. He would hold that the requirements imposed on the department by statute are sufficient to constitute control over local prisons for purposes of the bringing of an action such as this. He also disagrees as to the requirement that the plaintiff must be a state-sentenced prisoner. He would reverse.

OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment based upon the failure to state a claim upon which relief may be granted tests the legal sufficiency of the pleadings and should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify recovery (GCR 1963, 117.2[1]).

2. NUISANCE — LIABILITY FOR NUISANCE — CONTROL OF NUISANCE.

Liability for damage caused by a nuisance may only be imposed on a defendant who was in control of the nuisance either through ownership or otherwise.

3. PRISONS AND PRISONERS — LOCAL JAILS — STATUTES.

The power granted to the Department of Corrections to make orders concerning the administration of local jails is insufficient to constitute control of a local jail for purposes of an action against the department based on nuisance (MCL 791.262; MSA 28.2322).

4. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — STATUTES.

A plaintiff must show that a governmental defendant was an owner, lessee, or in control of a premises in order to recover damages under the statutory exception to the defense of governmental immunity in the case of negligent maintenance of a public building (MCL 691.1406; MSA 3.996[106]).

5. PRISONS AND PRISONERS — LOCAL JAILS — STATUTES.

Control over a city prison is vested in the city's governing body (MCL 117.4j; MSA 5.2083).

6. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS.

A prisoner, in order to state a cause of action against the Department of Corrections for injuries received while incarcerated, must be (1) a state-sentenced prisoner, committed to the department for custody, and (2) held in a penal institution over which the department has jurisdiction and power to promulgate rules and standards.

DISSENT BY M. F. CAVANAGH, J.

7. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — LOCAL
JAILS — STATUTES.

The statutory requirement that the Department of Corrections
supervise and inspect local jails and promulgate rules and
standards pertaining to the management and administration of
those jails confers sufficient control over local jails to allow a
prisoner of a local jail to bring an action against the depart-
ment for damages for injuries suffered in the jail; further, there
is no requirement that such a prisoner be a state-sentenced
prisoner in order to bring the action (MCL 791.262; MSA
28.2322).

*Charfoos, Christensen, Gilbert & Archer, P.C.*
(by *John G. Konkel),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Mark I. Leach,*
Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and
D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Plaintiff appeals by right the
dismissal of his action for damages in the Court of
Claims. His complaint alleged that he was beaten
and injured by fellow inmates while incarcerated
in the City of Trenton jail. The claim of liability
was premised on theories of nuisance and defen-
dant's duty to maintain safely public buildings
under its control, imposed by MCL 691.1406; MSA
3.996(106). The judge granted defendant's motion
for summary judgment for failure to state a claim,
GCR 1963, 117.2(1). Alternately, he granted accel-
erated judgment, holding the suit was barred by
the doctrine of governmental immunity.

A motion for summary judgment under GCR
1963, 117.2(1) tests the legal sufficiency of a claim
as it appears in the pleadings. The motion should

---

* Circuit judge, sitting on the Court of Appeals by assignment.

be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify recovery. *Norberg v City of Muskegon,* 104 Mich App 329; 304 NW2d 573 (1981).

Plaintiff claimed that defendant was responsible for creating or maintaining the Trenton jail as a nuisance, based on defendant's duty to supervise and inspect local jails pursuant to MCL 791.262; MSA 28.2322. Liability for damage caused by a nuisance may only be imposed on a defendant who was in control of the nuisance, either through ownership or otherwise. *Coburn v Public Service Comm,* 104 Mich App 322; 304 NW2d 570 (1981), *Stemen v Coffman,* 92 Mich App 595; 285 NW2d 305 (1979). Unless the defendant has created the nuisance, owned or controlled the property from which it arose or employed another to do work knowing it would likely create a nuisance, liability may not be imposed under a nuisance theory. *Stemen, supra,* 598. In *Stemen* this Court held that liability for nuisance could not be based on a city's duty to inspect buildings for housing code compliance. In *Coburn, supra,* this Court held that liability for nuisance could not be premised on the Public Service Commission's duty to order the installation of safety equipment at railroad crossings.

MCL 791.262; MSA 28.2322 imposes upon defendant the responsibility to supervise and inspect local jails to obtain facts pertaining to the usefulness and proper management of said jails. Defendant is directed by the statute to promulgate rules and standards for the administration of local jails and is allowed to enforce its reasonable orders concerning administration of local jails by mandamus or injunction in the circuit court of the

county where the jail is located, through proceedings instituted by the attorney general. The power to make orders concerning the administration of local jails is insufficient to constitute control for the purposes of a nuisance action. A party does not control premises when its control may only be exercised through court action. Control over a city prison, like control over other city agencies, is vested in the city's governing body. MCL 117.4j; MSA 5.2083. Since plaintiff based his claim that defendant controlled the Trenton jail on defendant's statutory duties only, the trial judge properly rejected his claim as a matter of law.

For essentially the same reasons, we affirm the trial judge's holding that plaintiff's complaint failed to state a claim against defendant under the public building exception to the doctrine of governmental immunity. MCL 691.1406; MSA 3.996(106). To recover under the statute, a plaintiff must first show that the defendant was an owner, a lessee or in control of the premises in question. *Burrill v Michigan,* 90 Mich App 408, 411; 282 NW2d 337 (1979).

Home rule cities may provide in their charters for the acquisition and maintenance of city prisons. MCL 117.4e; MSA 5.2078. Persons may be incarcerated in city prisons for the violation of a city's laws or ordinances. MCL 117.4i(10); MSA 5.2082(10). Control over a city prison, like control over other city agencies, is vested in a city's governing body. MCL 117.4j; MSA 5.2083. Control may be concurrent in certain cases. See *Green v Dep't of Corrections,* 386 Mich 459, 465; 192 NW2d 491 (1971). In the present case, defendant's role is that of a regulator and not that of an administrator. The trial judge correctly held that plaintiff failed to state a claim under the public building statute.

Plaintiff finally argues that the grant of summary judgment was improper in light of the Supreme Court's decision in *Green v Dep't of Corrections, supra*. In that case, plaintiff sued the department for injuries he suffered while incarcerated in the Detroit House of Correction. The Court stated:

"The controlling question is whether the state, through the Department of Corrections, may be held to respond in damages for tortious injury sustained by a state-sentenced convict while he is incarcerated in the Detroit House of Correction." *Id.,* 462.

In holding that the doctrine of governmental immunity did not bar the suit, the Court reasoned:

"* * * The legislature has created the Department of Corrections for the purpose of concentrating with that department the primary (but not exclusive of course) responsibility for the well-being as well as the disciplinary rehabilitation of state-sentenced prisoners, whenever such prisoners are held in any penal institution over which Corrections has jurisdiction and the power—whether exercised or not—to promulgate rules and standards relating thereto. No matter where Corrections may choose lawfully or need lawfully to incarcerate or permit incarceration of any such prisoner, its duty to him remains constant and may not be subjected to delegation; whether or not others are concurrently accountable for breach of the same or a corresponding legal duty." *Id.,* 465.

We disagree with plaintiff's claim that Green's status as a state-sentenced prisoner was irrelevant to the decision. On the contrary, the status of the prisoner was crucial. The Court noted that the official *mittimus* committing the plaintiff to the Detroit House of Correction directed the department to keep defendant safely in custody for the term of his sentence. Under *Green,* two criteria

must be satisfied: (1) the plaintiff must be a state-sentenced prisoner; (2) the prisoner must be held in a penal institution over which the department has jurisdiction and power to promulgate rules and standards.

In the present case, plaintiff did not allege in his complaint that he was a state-sentenced prisoner. The complaint was, therefore, legally insufficient to state a claim similar to that made in *Green.* Plaintiff did not at any time seek to amend his complaint to allege that he was a state-sentenced prisoner. Although we consider only the complaint in reviewing the grant of summary judgment pursuant to GCR 1963, 117.2(1), we note that the order committing plaintiff to the Trenton jail clearly indicates he was sentenced under a local ordinance and was not committed to defendant's custody.

Having affirmed the grant of summary judgment, it is unnecessary for this Court to consider the propriety of the trial judge's order granting accelerated judgment.

Affirmed.

DANHOF, C.J., concurred.

M. F. CAVANAGH, J. *(dissenting).* I disagree with the majority's interpretation of MCL 791.262; MSA 28.2322. I believe the statute clearly imposes the duty upon the Department of Corrections to supervise and inspect local jails and to promulgate rules and standards pertaining to the management and administration of those jails. I also disagree with the majority's statement that "[a] party does not control premises when its control may only be exercised through court action". The court action referred to is simply a means of assuring the control but presumably would only be resorted to

after the department makes rules and the local jails fail to follow them. I am also persuaded that MCL 791.262, in requiring the department to promulgate rules with respect to the proper management and humane administration of local jails, contemplates a greater role for the department than that of just a regulator. Finally, I do not read *Green v Dep't of Corrections,* 386 Mich 459; 192 NW2d 491 (1971), to require that plaintiff be a state-sentenced prisoner before the department has any duty to him. The language of the statute makes no reference to such a limitation.

I would reverse.