GATEWOOD v CITY OF DETROIT

Docket No. 59137. Submitted June 1, 1982, at Detroit.—Decided November 3, 1982.

Henry Gatewood, Henry Gatewood, Jr., and Elease Gatewood filed suit against the City of Detroit in Wayne Circuit Court seeking damages for the destruction of personal property and fixtures resulting from a fire which destroyed their house. The house was destroyed when fire spread from a house next door to the Gatewood home because a defective fire hydrant failed to supply sufficient water to keep the fire from spreading. Plaintiffs alleged that defendant was obligated under an implied contract to supply plaintiffs with sufficient water to meet the needs of their residential property as well as to supply water to available fire hydrants so that plaintiffs would have adequate fire protection and that defendant breached the implied contract. The trial court, Maureen Pulte Reilly, J., granted defendant's motion for summary judgment on the ground that plaintiff had failed to state a cause of action upon which relief could be granted. Plaintiffs appeal. *Held:*

An obligation to supply water to fight a fire cannot be implied from the relationship between a city water department and a ratepayer.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment for failure to state a claim upon which relief can be granted is tested on the pleadings alone and tests the legal sufficiency of the claim as it appears in the pleadings; all well-pleaded facts and inferences fairly drawn therefrom are accepted as true and, unless the claim is so clearly unenforceable as a matter of law that no factual development can justify a right to recovery, the motion should be denied (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 226, 230.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 288, 289.

2. MUNICIPAL CORPORATIONS — WATER DEPARTMENTS — FIREFIGHTING
— SUPPLYING OF WATER — IMPLIED CONTRACTS.

An obligation to supply water to fight a fire cannot be implied
from the relationship between a city water department and a
ratepayer.

*Richard A. Lenter,* for plaintiffs.

*Dennis Burnett,* Assistant Corporation Counsel,
City of Detroit, for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M.
WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiffs appeal from an
order of Wayne County Circuit Court which
granted defendant's motion for summary judgment
under GCR 1963, 117.2(1).

Plaintiffs seek damages for the destruction of
personal property and fixtures resulting from a
fire. Plaintiffs allege in their complaint that a fire
started in a house adjacent to theirs in Detroit on
March 11, 1980. When Detroit firefighters arrived
and connected their equipment to a nearby fire
hydrant, the complaint alleges, the "fire hydrant
was totally defective in failing to provide adequate
water to fight said fire". By the time an adequate
supply of water was obtained, the fire had spread
to plaintiffs' home and destroyed its contents.

Plaintiffs allege a cause of action in implied
contract. They allege that for a number of years
they have made payments to defendant for water
used at their residence. Pursuant to an implied
contract, the complaint alleges, "Defendant was
obligated to supply plaintiff with sufficient water
to meet the needs of his residential property as
well as to supply water to available fire hydrants

---

* Circuit judge, sitting on the Court of Appeals by assignment.

so that plaintiff would have adequate fire protection."

A Motion for summary judgment under GCR 1963, 117.2(1) is tested on the pleadings alone. *Ledsinger v Burmeister,* 114 Mich App 12, 17; 318 NW2d 558 (1982); *Trommater v Michigan,* 112 Mich App 459, 463; 316 NW2d 459 (1982); *Palomba v East Detroit,* 112 Mich App 209, 215; 315 NW2d 898 (1982); *Cole v Dow Chemical Co,* 112 Mich App 198, 202; 315 NW2d 565 (1982). The motion tests the legal sufficiency of a claim as it appears in the pleadings. *Mitchell v Dep't of Corrections,* 113 Mich App 739, 741; 318 NW2d 507 (1982). All well-pleaded facts and inferences fairly drawn are accepted as true. *Bromley v Citizens Ins Co of America,* 113 Mich App 131, 134; 317 NW2d 318 (1982). The question is whether the claims are so unenforceable as a matter of law that no factual development can justify a right to recovery. *Ken Cowden Chevrolet, Inc v Corts,* 112 Mich App 570, 572; 316 NW2d 259 (1982).

Plaintiffs allege breach of an implied contract. They intend to set up an implied contract whereby the defendant suffered an obligation to provide sufficient water to fight a fire. Thus, by reason of the alleged failure to supply sufficient water, plaintiffs argue, defendant breached the implied contract.

We do not hesitate in holding that an obligation to supply water to fight a fire cannot be implied from the relationship between a city water department and a ratepayer. See *Atlas Finishing Co v Hackensack Water Co,* 10 NJ Misc 1197; 163 A 20 (1932); *Reimann v Monmouth Consolidated Water Co,* 9 NJ 134; 87 A2d 325 (1952). City water customers pay for water used in their residences. From that, however, we cannot imply an obliga-

tion to supply sufficient water to fire hydrants to fight fires. See *Anderson v Iron Mountain Water Works,* 225 Mich 574; 196 NW 357 (1923).

Summary judgment was correctly granted to defendant.

Affirmed.